IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

**MOTION TO DISMISS COUNTS FOR LACK OF JURISDICTION**

COMES NOW the Defendant, CHALMER DETLING, II, by and through undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss Counts 4 through 7 and Counts 11 through 15 of the indictment for lack of federal jurisdiction. In support of this Motion, Mr. Detling shows as follows:

(1)

Mr. Detling was indicted on August 8, 2018 and made his first appearance in federal court on August 10, 2018. (Doc. 10). Counts 1 through 7 of the indictment charge Mr. Detling with wire fraud, in violation of 18 U.S.C. § 1343. Counts 8 through 15 charge Mr. Detling with aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1), and list the wire fraud counts as the related felonies. (Doc. 1).

(2)

The federal wire fraud statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343

(3)

The indictment alleges that Mr. Detling did knowingly cause the wire communications in the following chart to be transmitted in interstate commerce:

| Count | Date (on or about) | Wire Communication |
|---|---|---|
| 4 | April 1, 2015 | Wire Transfer of $8500 from Litigation Ventures' Citibank Account to Detling Group LLC's IOLTA account at SunTrust |
| 5 | April 30, 2015 | Wire Transfer of $2500 from Litigation Ventures' Citibank Account to Detling Group LLC's IOLTA account at SunTrust |
| 6 | October 21, 2015 | Wire Transfer of $15,000 from Litigation Ventures' Citibank Account to Detling Group LLC's IOLTA account at SunTrust |
| 7 | November 4, 2015 | Wire Transfer of $15,000 from Mighty Financing's Citibank Account to Detling Group LLC's IOLTA account at SunTrust |

(4)

The indictment also provides that during the relevant period, Litigation Ventures LLC maintained a business account at Citibank, N.A., New York, New York and that Mighty Financing LLC maintained a business account at Citibank,

N.A., New York, New York. (Doc. 1). According to paragraph 4 of the indictment, "the Detling Law Group maintained IOLTA accounts at SunTrust Bank." (Id.) Nowhere in the indictment, however, is the geographic location of SunTrust Bank provided.

(5)

Issues which are properly raised, and decided, by a pretrial motion to dismiss are those that are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). Included amongst these issues are jurisdictional claims that the indictment "fails to invoke the court's jurisdiction or to state an offense." United States v. Milo, 267 F. App'x 916, 917 (11th Cir. 2008).

(6)

Without providing any geographic location for SunTrust, the indictment fails to show that the wire communications in Counts 4 through 7 were transmitted in interstate commerce as required by the federal wire fraud statute, and thus fail to allege a federal offense.

(7)

Counts 11 through 15 charge Mr. Detling with aggravated identity theft under 18 U.S.C. § 1028A. Section 1028A provides for an additional two-year term of imprisonment when, "during and in relation to any felony violation enumerated in subsection (c)," a defendant "knowingly transfers, possesses, or

uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). A "felony violation enumerated in subsection (c)," in turn, means any offense that is a felony violation of, among others, "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." 18 U.S.C. § 1028A(c)(5).

(8)

Counts 11 through 15 cite Counts 4 through 7 as the predicate felonies required by the aggravated identity theft statute. Because Counts 4 through 7 fail to allege federal wire fraud, Counts 11 through 15 do not adequately provide a related felony and therefore, fail to allege aggravated identify theft under 18 U.S.C. § 1028A.

(9)

Because the indictment fails to provide the jurisdictional criteria to justify the imposition of federal jurisdiction as affecting interstate commerce, Counts 4 through 7 and Counts 11 through 15 must be dismissed.

WHEREFORE, Mr. Detling respectfully requests that the Court grant his motion to dismiss counts for lack of federal jurisdiction.

Dated:       This 30th day of October, 2018.

                                              Respectfully Submitted,

                                              */s/ Molly Hiland Parmer*
                                              MOLLY HILAND PARMER
                                              GEORGIA BAR NO. 942501
                                              ATTORNEY FOR MR. DETLING

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was filed this day with the Clerk of Court electronically using the CM/ECF system which will automatically sent email notification of such filing to counsel of record:

>Alex R. Sistla and John Ghose
>Assistant United States Attorneys
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303

Dated:  This 30th day of October, 2018.

>*/s/ Molly Hiland Parmer*
>MOLLY HILAND PARMER
>GEORGIA BAR NO. 942501
>ATTORNEY FOR MR. DETLING

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax: 404-688-0768
Molly_Parmer@fd.org