IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

### PRELIMINARY MOTION TO DISMISS INDICTMENT FOR FAILURE TO ALLEGE AN OFFENSE

COMES NOW the Defendant, CHALMER DETLING, II, by and through undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss the indictment against him for reasons set forth herein.

### I. INTRODUCTION

Counts 1 through 7 of the indictment charge Mr. Detling with wire fraud, in violation of 18 U.S.C. § 1343. Counts 8 through 15 charge Mr. Detling with aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(1). However, the indictment does not allege sufficient facts that even if proven at trial, would sustain a conviction for either charge.

### A. The Indictment

Looking only at the four corners of the indictment, Mr. Detling, a former attorney, is alleged to have applied for and received certain "litigation advances"

on personal injury lawsuits handled by his law firm. (Doc. 1). The indictment makes clear that the government's position is that these advances were not authorized by the clients. But the indictment does not address why this fact is material and how it furthered a fraud against the finance companies. Personal injury lawyers negotiate and enter into agreements on behalf of their clients regularly. Lawyers enter into fee agreements with expert witnesses, retain medical professionals to evaluate claims, and even enter into settlement agreements on behalf of their clients. A lawyer's apparent authority to bind his client to an agreement is a necessary part of the litigation process and such agreements are routinely enforced against clients even when the lawyer lacked specific authorization. The client's recourse is against the lawyer for exceeding his or her authority, not against the innocent third part that relied on the lawyer's representation.

    B.    **Fraud versus Deception**

Counts 1 through 15 of the indictment are legally insufficient and should be dismissed because they fail to allege the essential elements of the offenses. The indictment gives short shrift to the mechanics of the litigation advance transactions but the implication is that in return for an advance of money, the finance entities would receive some type of equitable financial interest in the outcome of the plaintiff's case. The indictment is fatally flawed, however, because it never alleges

that the finance companies didn't receive exactly what they paid for. Even if the Court finds that the indictment properly alleges some sort of misrepresentation from Mr. Detling to the finance companies (which Mr. Detling believes it fails to do) it should still be dismissed because it doesn't connect that misrepresentation to fraud rather than to deception. Simply put, if the agreement allegedly authorized by the Defendant perfected the finance companies equitable interest in the case then there can be no fraud.

## II.     LEGAL ARGUMENT

To be legally sufficient, and indictment must (1) present the essential elements of the charged offense, (2) notify the accused of the charges to be defended against, and (3) enable the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999). "A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." United States v. Fern, 155 F.3d 1318, 1324-25 (11th Cir. 1998).

Wire fraud requires that a person (1) intentionally participates in a scheme or artifice to defraud or obtain money by means of false or fraudulent pretenses, representations or promises and (2) uses or causes to be used wire communications for the purpose of executing the scheme. 18 U.S.C. § 1343. To

establish a prima facie case of wire fraud, the government must allege and prove beyond a reasonable doubt that the defendant acted with the "intent to defraud." United States v. Bradley, 644 F.3d 1213, 1239 (11th Cir. 2011). However, mere "intent to deceive" does not necessarily constitute "intent to defraud." United States v. Takhalov, 827 F.3d 1307 (11th Cir. 2016).

"The law in the Eleventh Circuit makes clear that a defendant schemes to defraud only if he schemes to deprive someone of something of value by trick, deceit, chicane, or overreaching. But if a defendant does not intend to harm the victim—to obtain, by deceptive means, something to which the defendant is not entitled—then he has not intended to defraud the victim." Takhalov, 827 F.3d at 1312-1313. Thus, a person who merely tricks someone to enter into a transaction has not "schemed to defraud," as contemplated by the wire fraud statute, as long as he does not "intend to harm the person he intends to trick." Id. at 1313.

Additionally, in a "scheme to defraud," the defendant must lie about "the nature of the bargain itself." Id. As the Eleventh Circuit explained in Takhalov, that lie may take two primary forms. The "defendant might lie about the price (e.g., if he promises that a good costs $10 when it in fact costs $20) or he might lie about the characteristics of the good (e.g., if he promises that a gemstone is a diamond when it is in fact a cubic zirconium). In each case, the defendant has lied about the nature of the bargain and thus in both cases the defendant has

4

committed wire fraud. But if a defendant lies about something else—e.g., if he says that he is the long-lost cousin of a prospective buyer—then he has not lied about the nature of the bargain, has not 'schemed to defraud,' and cannot be convicted of wire fraud on the basis of that lie alone." Takhalov, 827 F.3d at 1313-1314. "Thus, even if a defendant lies, and even if the victim made a purchase because of that lie, a wire fraud case must end in an acquittal if the jury nevertheless believes that the alleged victims 'received exactly what they paid for.'" Id. (citing United States v. Shellef, 507 F.3d 82, 108 (2d Cir. 2007)).

Mr. Detling shows that the facts set forth in his indictment, even if proven, merely allege an "intent to deceive" and not an "intent to defraud" or an intent to harm the named victim. This is evidenced by the "Background", "Litigation Financing Business", and "Scheme to Defraud Litigation Financing Entities and Use of Client Personal Identifying Information" sections in the indictment. (Doc. 1). The "Background" section explains that Mr. Detling was a lawyer whose practice focused primarily on personal injury work. The "Litigation Financing Business" section explains how litigation financing entities provide litigation advances, which are considered investments, for personal injury cases. The litigation financing entities determine whether to provide these advances by evaluating the merits of the plaintiff's claims. These advances are not loans and do not need to be reimbursed if a plaintiff has no recovery in their case. In the

"Scheme to Defraud Litigation Financing Entities and Use of Client Personal Identifying Information" section, the indictment alleges that Mr. Detling used his client's information to apply for and receive litigation advances.

There are no allegations nor any evidence that Mr. Detling was not actually representing these plaintiffs in personal injury or other civil matters that would qualify them for the litigation advances received, nor are there any allegations nor any evidence that these litigation financing entities did not evaluate the merits of the plaintiff's civil cases before deciding to provide advances. The litigation financing entities provided advances on a non-recourse basis, with no obligation from the plaintiff to repay the investor if the underlying litigation was unsuccessful. These entities, therefore, received what they bargained for – an opportunity to invest in pending civil litigation – and were not defrauded as required for a prosecution under the federal wire fraud statute.

Since the facts set forth in the indictment do not establish any intent of Mr. Detling to defraud or to harm the litigation financing entities and only support, at best, an intent to deceive, the substantive counts of wire fraud, as well as the counts for aggravated identity theft, which is predicated upon the wire fraud counts, all must fail.

### III. <u>CONCLUSION</u>

WHEREFORE, for all of the reasons set forth herein, Mr. Detling respectfully urges this Court grant him leave to file an amended and/or perfected motion on this matter and to enter an Order dismissing the indictment against him.

Dated:    This 30th day of October, 2018.

        Respectfully Submitted,

        <u>*/s/ Molly Hiland Parmer*</u>
        MOLLY HILAND PARMER
        GEORGIA BAR NO. 942501
        ATTORNEY FOR MR. DETLING

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was filed this day with the Clerk of Court electronically using the CM/ECF system which will automatically sent email notification of such filing to counsel of record:

>Alex R. Sistla and John Ghose
>Assistant United States Attorneys
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303

Dated:  This 30th day of October, 2018.

>*/s/ Molly Hiland Parmer*
>MOLLY HILAND PARMER
>GEORGIA BAR NO. 942501
>ATTORNEY FOR MR. DETLING

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax: 404-688-0768
Molly_Parmer@fd.org