IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

## MOTION FOR BILL OF PARTICULARS

COMES NOW the Defendant, CHALMER DETLING, II, by and through undersigned counsel, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to order the government to file a bill of particulars concerning the matters set forth below.

### I. PRELIMINARY STATEMENT

Mr. Detling was indicted on August 8, 2018 and charged with seven counts of wire fraud, in violation of 18 U.S.C. § 1343 and eight counts of aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 1). The allegations common to all fifteen counts are, in summary, as follows:

a. Mr. Detling, as a lawyer specializing in personal injury law, maintained Interest on Lawyer Trust Accounts ("IOLTAs") at SunTrust Bank.

b. Mr. Detling represented a number of clients with pending civil lawsuits in his practice.

c. Mr. Detling allegedly "applied for and received … fraudulent litigation advances" and the "fraudulently obtained litigation advances would thereafter be transferred from the IOLTA accounts to Detling Law Group's operating accounts, or other Detling Law Group accounts". (Doc. 1).

d. The litigation financing entities did not require the clients to be present when applying for the litigation advances or receiving the disbursements. Further, these financing entities determined whether to provide a litigation advance to a plaintiff, in part, by evaluating the merits of the plaintiff's claim.

e. Mr. Detling allegedly devised a scheme to defraud litigation financing entities by obtaining fraudulent litigation advances in the names of his law firm's clients.

f. Mr. Detling allegedly transferred, possessed, and used, without lawful authority, the means of identification of other persons, including the names and Social Security numbers of actual persons during and in relation to the crime of wire fraud.

II.     **SPECIFIC REQUESTS IN THIS CASE**

Mr. Detling moves for the Court to order the government to provide:

1) The material misrepresentations made to the litigation financing entities in Counts 1 through 7.

2) The material misrepresentations made in the email paperwork or online portals referenced in paragraph 12.

3) A definition of "non-litigation related expenses" as used in paragraphs 6 through 8.

4) The name of the plaintiff that was used to secure the $8,500 wire transfer from Litigation Ventures in Count 4.

5) The name of the plaintiff that was used to secure the $2,500 wire transfer from Litigation Ventures in Count 5.

6) The name of the plaintiff that was used to secure the $15,000 wire transfer from Litigation Ventures in Count 6.

7) The name of the plaintiff that was used to secure the $15,000 from Mighty Financing in Count 7.

8) The identity of the person who transferred the funds from the IOLTA accounts to the Detling Law Group's operating accounts, or other Detling Law Group accounts, as alleged in paragraph 15.

9) The inaccurate contact information used in the financing applications, as alleged in paragraph 16.

10) Whether Mr. Detling used the means of identification of others "without lawful authority" because he did not have permission to use the means of identification, or because he used the means of identification for an unlawful purpose.

11) Information regarding what the litigation finance entities evaluate, besides the merit of the plaintiff's claim, in determining whether to provide a litigation advance, as described in paragraph 10.

12) The Counts, if any, that relate to plaintiffs who had no recovery and were not obligated to repay the litigation financing entity, as described in paragraph 10.

13) Additional victims of the alleged wire fraud besides the litigation financing entities, if any.

14) What the litigation financing entities expected to receive in return for their "investments", if anything.

15) The harm the litigation financing entities suffered as a result of the alleged fraudulent activity.

16) The specific litigation advances that Detling allegedly directed the litigation financing entities to send directly to his law firm's IOLTA accounts.

### III.   ARGUMENT

#### A.   Standard for a Bill of Particulars.

A bill of particulars serves three purposes:  (1) to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, (2) to minimize surprise at trial, (3) and to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985); Fed. R. Crim. P. 7(f).  Although it is not necessary for an indictment to allege in detail the factual proof that will be relied upon to support the crimes charged, that information, if essential to the defense, can be obtained by a motion for a bill of particulars.  Consequently, "[i]t is well settled law that where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." Cole, 755 F.2d at 760; See United States v. Peterson, 544 F. Supp. 2d 1363, 1372 (M.D. Ga. 2008) (in obstruction case under § 1503, ordering bill of particulars (1) identifying how each part of Defendant's testimony had the effect of obstructing or impeding the administration of justice and (2) stating the grand jury's purpose).

Although a bill of particulars will not cure a defective indictment, United States v. Hinton, 127 F. Supp. 2d 548, 554 (D.N.J. 2000), "it is appropriate to order

a bill of particulars where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Willis, 475 F. Supp. 2d 274 (W.D.N.Y. 2007) (citation omitted) (granting bill of particulars). In addition, where an indictment is duplicitous – that is, it combines charges in a single count – issues of double jeopardy arise. See United States v. Sturdivant, 244 F.3d 71, 75 (2nd Cir. 2001) (count that included within its scope two distinct drug transactions not connected by any overarching conspiracy was duplicitous). A duplicitous indictment compromises a defendant's right to know the charges against him, prejudices a defendant as to evidentiary rulings, and prevents the trial court from determining whether the jury was unanimous with respect to any of the offenses. Hinton, 127 F. Supp. 2d at 553.

### B.    A Bill of Particulars Is Necessary Here

Mr. Detling cannot understand the nature of the charges against him without a bill of particulars. The indictment appears to allege that Mr. Detling was a lawyer, that he represented clients with pending civil cases in court, that these cases had merit and would qualify for litigation advances, and that litigation financing entities did an independent evaluation of the merits of these cases before providing litigation advances on a non-recourse basis. In order to prepare a defense, Mr. Detling must be informed of the specific misrepresentations allegedly made to the litigation financing entities and details regarding these investments

that are not provided in the indictment. The indictment does not specify whether Mr. Detling created fictitious personal injury cases or made misrepresentations in responses to questions in an application or online portal, or whether all information provided to the litigation financing entities was accurate, but the plaintiff's signature was forged. Essentially, what is "fraudulent" about the activity described in the indictment is left to speculation. Further, the indictment notes that a plaintiff "or his or her attorney" can submit information regarding the plaintiff's underlying lawsuit to litigation financing entities, making it unclear how Mr. Detling was without authority to submit applications for such financing. This information is necessary for trial preparation. Finally, Counts 4 through 7 do not provide enough information to determine whether those charges are duplicitous and contain two or more separate transactions within each count. This information is necessary to protect against double jeopardy.

Knowledge of the above-requested information is essential to allow Mr. Detling and his attorney to adequately prepare his defense, to avoid prejudicial surprise at the time of trial, and to protect against being twice placed in jeopardy for commission of the same acts. A defendant is presumed innocent upon his plea of not guilty, and it cannot be assumed by the Court that the defendant knew the particulars sought in a motion for bill of particulars. The defendant can only be considered ignorant of the facts on which the government founds its charges.

Fontana v. United States, 262 F. 283 (8th Cir. 1919); United States v. Tucker, 262 F.Supp. 305, 307 (S.D.N.Y. 1966); United States v. Burgio, 279 F. Supp. 843, 846 (S.D.N.Y. 1968).

Requiring Mr. Detling to defend himself against this indictment without knowing the essential facts which the government is alleging would violate his right to a trial in accordance with due process of law as guaranteed by the Fifth Amendment to the United States Constitution, and his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

## IV.   CONCLUSION

WHEREFORE, Mr. Detling respectfully requests that the Court grant his motion for a bill of particulars.

Dated:   This 30th day of October, 2018.

                                                Respectfully Submitted,

                                                */s/ Molly Hiland Parmer*
                                                MOLLY HILAND PARMER
                                                GEORGIA BAR NO. 942501
                                                ATTORNEY FOR MR. DETLING

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was filed this day with the Clerk of Court electronically using the CM/ECF system which will automatically sent email notification of such filing to counsel of record:

>Alex R. Sistla and John Ghose
>Assistant United States Attorneys
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303

Dated:  This 30th day of October, 2018.

>*/s/ Molly Hiland Parmer*
>MOLLY HILAND PARMER
>GEORGIA BAR NO. 942501
>ATTORNEY FOR MR. DETLING

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax: 404-688-0768
Molly_Parmer@fd.org