IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No.: |
| *versus* | 1:18-CR-00309-LMM-LTW-1 |
| CHALMER DETLING, II | |

## OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

CHALMER DETLING, II, through undersigned counsel, hereby submits the following objections to the factual findings and legal conclusions of the Report and Recommendation of the Magistrate Court issued on April 30, 2019.  (Doc. 45).

*A. Motion to Dismiss for Failure to Allege an Offense*

Mr. Detling reiterates and adopts the arguments made in his original Motion to Dismiss Indictment. (Doc. 27). Mr. Detling objects to the Magistrate Court's finding that the superseding indictment sufficiently alleges wire fraud. Specifically, the Magistrate Court found the superseding indictment is sufficient because it tracks the language of 18 U.S.C. § 1343 and alleges the elements of said statute. It is not enough to cite a section in the criminal code and then recite facts that are legally insufficient to support the allegations in the indictment, however. In other words, if the facts included in the indictment do not support the charge and even if true, would not support a conviction, then the indictment must be

dismissed. In this case, even assuming the government can prove what it alleges in the superseding indictment, the allegations do not amount to a crime.

Mr. Detling objects to the Magistrate Judge's finding that the facts in the superseding indictment are sufficient to support the government's theory that Mr. Detling participated in a scheme to defraud. The indictment fails the test announced in United States v. Takhalov, 827 F.3d 1307 (11th Cir. 2016). It is not enough for the government to allege that Mr. Detling falsely represented that the funds from the litigation entities were going toward his client's personal expenses when they were going into his law firm's operating account. A false statement is not necessarily a fraudulent statement. Even one who intends to deceive does not necessarily intend to defraud. If the litigation financing companies received exactly what they asked for there has been no fraud.

The superseding indictment makes clear that the litigation financing entities characterize their financing not as loans, but as "investments" or "advances" and that a plaintiff who has no recovery is not obligated to repay the funds they are given. Even assuming that the financing entities were somehow deceived about the ultimate destination of the money they transferred, they have "hardly been deceived or cheated out of money or property," since they received what they bargained for, which is an interest in the pending litigation claims. Takhalov, 827 F.3d at 1318. See also U.S. v. Regent Office Supply Co., 421 F.2d 1174, 1181 (2d Cir.

1970); <u>United States v. Jackson</u>, No. 3:16-CR-31, 2017 WL 1129941, at *3 (N.D.W. Va. Mar. 24, 2017)("[A] schemer who tricks someone to enter into a transaction has not 'schemed to defraud' so long as he does not intend to harm the person he intends to trick." citing <u>Takhalov</u>, at 827 F.3d at 1313). Accordingly, under <u>Takhalov</u>, the government has not alleged a crime and, therefore, the superseding indictment must be dismissed.

B. *Motion for a Bill of Particulars*

Mr. Detling reiterates and adopts the arguments made in his original Motion for a Bill of Particulars. (Doc. 28). Mr. Detling objects to the Magistrate Court's finding that the information he seeks through a bill of particulars is not necessary to avoid surprise or prepare for his defense. The indictment fails to set forth specific facts in support of requisite elements of the charged offenses. It is not clear in the indictment nor in the discovery how Mr. Detling, a lawyer representing clients on legal matters, used the means of identification of others "without lawful authority" as required by the aggravated identity theft statute. Additionally, Mr. Detling seeks clarity on exactly how the litigation financing entities were defrauded and what material misrepresentations he allegedly made in furtherance of the scheme to defraud. The questions posed in his motion are crucial for trial preparation. In sum, Mr. Detling objects to the recommendation that his motion should be denied, and asserts that a bill of particulars should be filed by the

government, as more fully set forth in his briefing. He asks this Court to overrule the Magistrate Judge's recommendation and grant his motion.

CONCLUSION

For the foregoing reasons, Mr. Detling respectfully objects to the Magistrate Judge's Report and Recommendation that his Motion to Dismiss for Failure to State an Offense and Motion for a Bill of Particulars should be denied.

Dated: This 23rd day of May, 2019.

Respectfully Submitted,

*/s/ Molly Hiland Parmer*
MOLLY HILAND PARMER
GEORGIA BAR NO. 942501
ATTORNEY FOR MR. DETLING

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

> Alex Sistla and John Ghose
> Assistant United States Attorneys
> Suite 600, Richard B. Russell Building
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303

Dated: This 23rd day of May, 2019.

> */s/ Molly Hiland Parmer*
> MOLLY HILAND PARMER
> GEORGIA BAR NO. 942501
> ATTORNEY FOR MR. DETLING

Federal Defender Program, Inc.
101 Marietta Street, N.W.
Centennial Tower, Suite 1500
Atlanta, Georgia 30303
404-688-7530; 404-688-0768
Molly_Parmer@fd.org