IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CHALMER DETLING, II,

    Defendant.

CRIMINAL ACTION NO.
1:18-CR-309-LMM-LTW

## ORDER

This case comes before the Court on the Magistrate Judge's Report and

Recommendation ("R&R") [45], recommending that Defendant's Motion to

Dismiss for Lack of Jurisdiction [26] be denied as moot and Defendant's Motion

to Dismiss for Failure to Allege a Defense [27] be denied. The Magistrate Judge

also denied Defendant's Motion for Bill of Particulars [28]. Pursuant to 28 U.S.C.

§ 636(b)(1), Defendant filed Objections [51]. After due consideration, the Court

enters the following Order.

### 1. **LEGAL STANDARD**

Pursuant to Federal of Civil Procedure 72(a), a magistrate judge may issue

a written order for any non-dispositive, pretrial matter. A party may serve and

file objections to that order within 14 days, and the district court reviews those

objections and can "modify or set aside any part of the order that is clearly

erroneous or is contrary to law." Fed. R. Civ. P. 72(a). However, if the ruling

would be dispositive, the magistrate judge must issue a report and recommendation ("R&R") that, if properly objected to within 14 days, requires the district court to conduct a *de novo* review of the magistrate judge's R&R. Fed. R. Civ. P. 72(b). Under the foregoing standard, the Court will review the Magistrate Judge's recommendation as to the Motion to Dismiss [27] *de novo* and her order as to the Motion for Bill of Particulars [28] under the clearly erroneous or contrary to law standard of review.

## 2. DISCUSSION

Defendant objects that (1) pursuant to <u>United States v. Takhalov</u>, 827 F.3d 1307 (11th Cir. 2016), the indictment does not sufficiently allege wire fraud; and, (2) a bill of particulars is needed to avoid surprise and prepare his defense as the indictment does not set forth how Defendant used his client's identification without lawful authority or how the litigation financing entities were defrauded. <u>See</u> Dkt. No. [51]. The Court considers each objection in turn.

First, as to the sufficiency of the indictment, the Court agrees with the Magistrate Judge that the Superseding Indictment sufficiently alleges wire fraud. As alleged, Defendant misrepresented to litigation financing companies that they would be funding his clients' living or medical expenses, when instead, Defendant was depositing those funds in his law firm's operating account. Defendant argues that this distinction is ultimately immaterial, as the litigation financing companies still received an interest in his clients' cases—the benefit of their bargain. But, at this stage, it would be inappropriate for this Court to determine

whether the benefit of the bargain was the actual use of the disbursed funds or a more limited financial interest in the litigation *or* whether that distinction was material to the litigation financing companies. That task is for a jury at trial. <u>See United States v. Takhalov</u>, 827 F.3d 1307, 1314 (11th Cir. 2016) ("Thus, even if a defendant lies, and even if the victim made a purchase because of that lie, a wire-fraud case must end in an acquittal *if the jury* nevertheless believes that the alleged victims 'received exactly what they paid for.'" (quoting <u>United States v. Shellef</u>, 507 F.3d 82, 108 (2d Cir. 2007) (emphasis added)); <u>see also</u> R&R, Dkt. No. [45] at 11-18. As indicted, the allegations are sufficient to support the Government's theory that Defendant deprived the litigation funding companies of the benefits of their bargains, whether by obtaining funds in an unauthorized manner or misusing the funds for an improper purpose. The Court therefore **ADOPTS** the R&R and **OVERRULES** Defendant's Objection on this issue.

And as to the Magistrate Judge's order on Defendant's Motion for Bill of Particulars, the Court does not find the Magistrate Judge's denial either clearly erroneous or contrary to law, as the requested information is either in the Superseding Indictment or otherwise available in the previously produced discovery. Thus, Defendant's Objection is likewise **OVERRULED** as to a Bill of Particulars.

### 3. CONCLUSION

The Court **OVERRULES** Defendant's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R") [45] as the order of the

Court. Defendant's Motion to Dismiss for Lack of Jurisdiction [26] is **DENIED as moot**, and Defendant's Motion to Dismiss for Failure to Allege a Defense [27] is **DENIED**.

Defendant's Motion to Allow Participation in Voir Dire [30] is **GRANTED**, and Defendant's Motion to Strike Surplusage in the Indictment [29] is **DEFERRED**, until the pretrial conference.

The trial in this action is hereby set to begin on **Monday, August 26, 2019 at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on Monday, August 20, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Wednesday, August 7, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Wednesday, August 7, 2019, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Wednesday, August 14, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through August 16, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 29th day of May, 2019.

Leigh Martin May
United States District Judge