IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*versus*

CHALMER DETLING, II

Criminal Action No.:
1:18-CR-00309-LMM-LTW-1

## MOTION IN LIMINE TO EXCLUDE BAR PROCEEDINGS

COMES NOW, the Defendant, Chalmer Detling, II, and hereby moves, *in limine*, for the exclusion of specific and highly prejudicial evidence from trial. Specifically, Mr. Detling moves to exclude evidence of the disciplinary bar proceeding(s) and Mr. Detling's voluntary surrender of his law license.

Mr. Detling moves to exclude evidence of the disciplinary bar proceedings pursuant to Federal Rules of Evidence 403, 404(b), 608 and 804(b)(1). In support of this motion, Mr. Detling shows as follows:

(1)

Mr. Detling is charged by indictment with multiple counts of wire fraud (18 U.S.C. § 1343) and aggravated identity theft (18 U.S.C. § 1048A(a)(1)).  Doc. 35.

(2)

Mr. Detling participated in Georgia State bar disciplinary proceeding on June 29, 2016, through June 30, 2016. At these proceedings, Mr. Detling was alleged to have violated State of Georgia Professional Rules of Conduct. Some of

1

the alleged conduct in this proceeding is related to alleged conduct in Mr. Detling's

current case. It is anticipated that at Mr. Detling's upcoming trial that the

government will refer to and seek admission of documents related to this

disciplinary bar proceeding and Mr. Detling's following petition for voluntary

surrender of license.[1]   It is also anticipated that the government will discuss the

testimony given at the disciplinary proceeding.

(3)

The evidence of the bar proceeding and Mr. Detling's voluntary surrender of

his law license is improper character evidence. Even if the Court finds the evidence

to have some probative force and goes to something other than criminal propensity,

it should exclude it as more prejudicial than probative.

(4)

Finally, the Court should exclude any testimony from the bar proceeding

because attorney disciplinary proceedings are civil and testimony from civil

proceedings are not admissible in criminal cases. Even if the Court finds that the

bar testimony was developed for a similar motive, i.e. to punish Mr. Detling, it

---

[1] A copy of the three Georgia Bar complaints against Mr. Detling are attached as Exhibits 1,
2, and 3.  A copy of Mr. Detling's Petition for Voluntary Discipline is attached as Exhibit 4.  A
copy of the Georgia Supreme Court's order on Mr. Detling's Petition is attached as Exhibit 5.

would be unfair to allow it in evidence because of the different standards of admissibility and proof in civil and criminal trials.

## Argument

### I. Evidence of The Bar Proceeding Is Improper Character Evidence And Should Be Excluded From Trial.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). A prior bad act is admissible only when it meets the following three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the prior act occurred and the defendant was the actor; and (3) the probative value of the evidence outweighs its prejudicial effect per the balancing test in Federal Rule of Evidence 403. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mills*, 138 F.3d 928, 935 (11th Cir. 1998).

There are two important limitations upon judicial discretion in admitting inquiries concerning prior misconduct: first, a requirement that the prosecution have some good-faith factual basis for the incidents inquired about, and second, a requirement that the incidents inquired about are relevant to the character traits

involved at trial. *United States v. Wells*, 525 F.2d 974, 977 (5th Cir. 1976).[2]

Evidence of prior misconduct which did not result in a conviction, such as prior

disciplinary action, generally may not be introduced to show a witness' bad

character. *U.S. v. Rios Ruiz*, 579 F.2d 670, 673 (1st Cir. 1978) (quoting *United States*

*v. Harris*, 542 F.2d 1283, 1302 (7th Cir. 1976)).

The Eleventh Circuit has upheld the exclusion of defendants' prior conduct

from evidence, including disciplinary histories and prior use of excessive force.

*Watkins v. Pinnock*, 802 Fed.Appx. 450, 458 (11th Cir. 2020). In *Watkins*, the Court

held that the district court did not abuse its discretion in excluding the evidence of

the defendants' prior misconduct. Id. The Court noted that the Plaintiff himself

admitted that the evidence of prior conduct would demonstrate the deputies' "[j]ob

character," which is prohibited under Federal Rule of Evidence 404(b). *Id.*

Therefore, the evidence was excluded as irrelevant and improper. *Id.*

Similarly, Mr. Detling's prior disciplinary bar hearing should be excluded as

impermissible propensity evidence under Rule 404(b). The government would be

using such evidence to demonstrate Mr. Detling's "bad character" in prior incidents,

as it relates to the State Bar proceeding and his voluntary surrender of license, and

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) wherein the Court held that it was bound by the decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

would be using it for its improper propensity inference. Therefore, the Court must exclude it.

Additionally, should the Government try to admit testimony or records from the bar proceeding, they should be excluded on the basis that they are extrinsic evidence of a prior specific act, which is barred by Federal Rule of Evidence 608(b). The government may not expound in detail upon prior disciplinary proceedings if the records are not probative of the defendant's character for truthfulness or untruthfulness. *Beary v. Deese*, 2018 WL 3455544, at *3 (E.D. Louisiana, 2018) (citing *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991)) (The defendants tried to cross-examine the Plaintiff regarding his suspension from the practice of law and the related disciplinary proceedings under Rule 608(b), which "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness," but the Court held that it was unnecessary because the records were not probative of his character for truthfulness or untruthfulness).

Any attempt by the government to use testimony or records from the Georgia State Bar Hearing against Mr. Detling would not be admissible because they are not probative of his character for truthfulness or untruthfulness. However, even if this evidence was deemed admissible under 608(b), its admissibility is still subject to Rule 403. *See United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("the

5

district court may under Rule 608 determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value."). It would be highly prejudicial to allow the government to expound upon the details of the disciplinary proceeding or introduce any testimony that was made at the hearing to attack Mr. Detling's character for truthfulness. Therefore, even if the Court finds that the bar proceeding is admissible under Rule 608(b), it should be excluded because it is substantially more prejudicial than probative.

**II.     Even If The Court Finds The Evidence Has Relevance And Is Admissible For A Non-Propensity Purpose, Its Probative Value Is Substantially Outweighed By Its Prejudicial Effect.**

Finally, the admissibility of evidence is subject to the rule that evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The evidence must be probative of the proposition it is offered to prove, and the proposition must be one that is of consequence to the determination of the action. *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). Therefore, even if the Court concludes that the evidence of the bar proceeding and the voluntary surrender of Mr. Detling's law license is relevant and may be used for non-propensity purposes, any probative value is substantially outweighed by the danger of unfair prejudice.

The term "unfair prejudice," as applied to a criminal defendant, "speaks to the capacity of some [opined] relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L. Ed. 2d 574 (1997).

The danger of unfair prejudice is high. What the United States would want to show with the evidence of the bar proceedings is that Mr. Detling was charged with violating rules of professional conduct that mirror the criminal conduct that he has been alleged to have committed in this case. Additionally, the government would try to show that Mr. Detling admitted to wrongdoing by voluntarily surrendering his license following these proceedings.  The voluntary surrender of his license was not based upon the conduct alleged in the indictment.  In order to counter such evidence, Mr. Detling would be required to tender evidence of an entirely unrelated ethical violation. The prejudice of the evidence, even with a small amount of relevance, substantially outweighs any probative value it might have. The prejudice the admission of this evidence would occasion would violate Mr. Delting's constitutional rights to due process and fair trial by jury. This Court must exclude it.

### III.   Any Testimony From The Bar Proceeding Should Be Excluded From The Trial As Prior Testimony From A Civil Proceeding.

Deposition testimony from a prior civil proceeding is not admissible in a criminal case unless the declarant is unavailable as a witness and the party against whom the testimony is offered in the criminal case "had an opportunity and similar

motive to develop the testimony by direct, cross, or redirect examination" in the prior civil proceeding. Fed.R.Evid. 804(b)(1); *U.S. v. Kennard*, 472 F.3d 851, 855 (11th Cir. 2011). Therefore, Mr. Detling's testimony and other statements from the bar proceedings should be excluded because they occurred during a civil proceeding.

Attorney disciplinary proceedings are civil. Am. Jur. 2d, Attorneys at Law § 101. Disciplinary rules need not satisfy the higher degree of specificity required of criminal statutes. *Id*. In all disciplinary proceedings occurring after a finding of probable cause, the procedures and rules of evidence applicable in civil cases under the laws of Georgia apply, except that the quantum of proof required of the State Bar of Georgia is clear and convincing evidence. Ga. Bar Rules and Regs., Rule 4-221(e)(2). It would be unfair to allow bar proceeding testimony in a criminal trial because of the lower standard of proof required for any testimony to be admissible.

Next, the court must evaluate whether or not the witness is unavailable. Fed.R.Evid. 804(b)(1). A defendant is "unavailable" as a witness in a criminal trial when he exercises his intention to invoke his Fifth Amendment right to avoid self-incrimination. *Kennard*, 472 F.3d at 855. The question, then, is whether the party against whom the testimony is offered had an opportunity to develop the testimony by direct, cross or redirect examination. Fed.R.Evid. 804(b)(1). Additionally, for the testimony to be admissible, there must be a demonstration that there was "similar motive" to develop the testimony. *Id*. Bar proceedings that are conducted to

discipline an attorney for misconduct are not the same as criminal prosecutions. The motive behind developing the testimony in the State Bar hearing was to investigate whether or not Mr. Detling was guilty of violating the Bar Rules he was alleged to have violated, not to criminally prosecute him for any alleged misconduct. The testimony was not developed for the same motive. Additionally, the Georgia State Bar is not the same party as the United States Government. Therefore, the testimony was not developed by the same party and the Court must exclude it.

### Conclusion

For the foregoing reasons, Mr. Detling asks that the Court grant his motion and exclude the requested evidence.

Dated:  This 17th day of August, 2021.

Respectfully Submitted,

*/s/ Suzanne Hashimi*
Suzanne Hashimi
Georgia Bar No. 335616

*/s/ Caitlyn Wade*
Caitlyn Wade
Georgia Bar No. 259114

Attorneys for Mr. Detling, II