IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

## MOTION IN LIMINE TO EXCLUDE PRIOR SETTLEMENTS

COMES NOW, the Defendant, Chalmer Detling, II, and hereby moves, *in limine*, for the exclusion of specific and highly prejudicial evidence from trial. Specifically, Mr. Detling moves to exclude evidence of any settlement payments or discussion of settlement payments related to unpaid litigation advances.

Mr. Detling moves to exclude this evidence pursuant to Federal Rules of Evidence 401, 403, and 408. In support of this motion, Mr. Detling shows as follows:

(1)

Mr. Detling is charged by indictment with multiple counts of wire fraud (18 U.S.C. § 1343) and aggravated identity theft (18 U.S.C. § 1048A(a)(1)). (Doc. 35).

(2)

The alleged scheme involved litigation advances being issued in the name of various plaintiffs represented by Mr. Detling's law firm.  Generally, litigation advances are intended to cover living expenses and/or medical expenses of

plaintiffs who have a pending personal injury or worker's compensation lawsuit. Upon settlement of the plaintiff's claim or an award of damages, the full amount of the litigation advance would be owed with interest. In this case, the funds from the advances were dispersed to Mr. Detling's law firm but were never dispersed to the plaintiffs. The government has provided evidence in discovery that Mr. Detling made payments in an attempt to settle debts related to unpaid litigation advances.

## Argument

### I. Evidence of any settlements or settlement attempts should be excluded.

Rule 408 provides that evidence of furnishing "a valuable consideration in compromising or attempting to compromise a claim" is not admissible to prove validity of the disputed claim or its amount. Fed.R.Evid. 408. Additionally, such evidence is not admissible to impeach by a prior inconsistent statement or contradiction. *Id.* Rule 408 excludes factual statements of various kinds made during compromise negotiations of civil matters. *U.S. v. Doxie*, 2014 WL 3845699, at *9 (N.D.Ga. Aug. 5, 2014). The Rule is designed to encourage civil settlements by fostering free and full discussion of the issues. *Blu–J, Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 642 (11th Cir. 1990). The test for whether statements fall under this Rule 408 is "whether the statements or conduct were intended to be part of the negotiations toward compromise." *Doxie*, 2014 WL

3845699 at *9 (citing *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. May 14, 1981))[1].

In the Eleventh Circuit, Rule 408 applies to criminal cases. *United States v. Arias,* 431 F.3d 1327, 1336–37 (11th Cir. 2005); *see also* Fed.R.Evid. 408, Notes to 2006 Amendment (stating that settlement discussions are not admissible in a criminal case unless the statements were made to a government entity). Applying Rule 408 to criminal cases furthers the policy interests that undergird the rule. *Arias*, 431 F.3d at 1337. A defendant in a civil suit is far less likely to offer to settle a claim if evidence of that offer can later be introduced to prove criminal liability for the same conduct. *Id*. Evidence of compromise is not necessarily probative of liability. *Id*. The advisory committee's notes indicate that evidence of a settlement offer is often irrelevant to liability for the charged conduct, because "the [settlement] offer may be motivated by a desire for peace rather than from any concession of weakness of position." Fed.R.Evid. 408, advisory committee's note (1972 proposed rules).  The advisory committee's acknowledgement regarding the irrelevance of settlement evidence to the issue of criminal liability indicates that the evidence also fails the relevance test outlined in Rule 401.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

3

Additionally, Rule 403 would prohibit the admission of the settlement evidence as its probative value is substantially outweighed by unfair prejudice. The term "unfair prejudice," as applied to a criminal defendant, "speaks to the capacity of some [opined] relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L. Ed. 2d 574 (1997). Because settlement offers are often irrelevant to liability or guilt, the risk of unfair prejudice to Mr. Detling by admitting this evidence is high while the probative value of the evidence is low. As such, Rule 403 would preclude its admission.

## Conclusion

For the foregoing reasons, Mr. Detling asks that the Court grant his motion and exclude the requested evidence.

Dated: This 17th day of August, 2021.

Respectfully Submitted,

*/s/ Caitlyn Wade*
Caitlyn Wade
Georgia Bar No. 259114

*s/ Suzanne Hashimi*
Suzanne Hashimi
State Bar No. 335616

Attorneys for Mr. Detling