IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>CHALMER DETLING, II<br>  A/K/A CHUCK DETLING | Criminal Action No.<br><br>1:18-cr-00309-LMM-LTW |

**Motion in Limine to Exclude Hearsay Testimony**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Alex Sistla and Samir Kaushal, Assistant United States Attorneys for the Northern District of Georgia, files this Motion in Limine to Exclude Hearsay Testimony. Specifically, the government seeks an order precluding defendant Chalmer Detling II from eliciting from trial witnesses his own statements made during a deposition conducted by the State Bar of Georgia.

**Background**

Detling is charged with seven counts of wire fraud, in violation of 18 U.S.C. § 1343, and eight counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Detling's scheme involved defrauding his clients and financing companies while working as an attorney. Before an indictment was returned in this case, Detling was the subject of multiple disciplinary proceedings conducted by the State Bar of Georgia, *In the Matter of Chalmer E. Detling, II, State Bar Number*

*219500*, State Disciplinary Docket Nos. 6640, 6772, and 6804. As part of the State Bar's investigation, Detling was deposed on June 6, 2016, regarding allegations that, *inter alia*, he fraudulently obtained litigation advances from financing companies in the names of his clients. During the deposition, Detling offered self-serving explanations for his conduct. The government contends that Detling should be prohibited from eliciting his prior statements made during the deposition from witnesses at trial.

## Argument

Detling cannot introduce his prior statements from the June 6, 2016, deposition conducted by the State Bar of Georgia through the testimony of other witnesses because those statements are inadmissible hearsay. *See* Fed. R. Evid. 801; *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination."); *United States v. Vernon*, 593 F. App'x 883, 890 (11th Cir. 2014) (same). The Eleventh Circuit's discussion in *Willis* is instructive. There, the Eleventh Circuit, in upholding the district court's ruling that the defense could not elicit a defendant's "allegedly exculpatory statements at the time of his arrest" through cross-examination of an agent, explained that such questioning was "precisely what is forbidden by the hearsay rule." *Willis*, 759 F.2d

2

at 1501. A defendant cannot place his own prior "remarks before the jury without subjecting [himself] to cross-examination." *Id.* Detling eliciting his own deposition statements through trial witnesses is the same scenario as described in *Willis* and calls for the same result—prohibition of the defense from eliciting such testimony.[1]

## Conclusion

For the reasons stated above, the government moves this Court to preclude Detling from eliciting from any trial witness his own statements made during the June 6, 2016 deposition conducted by the State Bar of Georgia.

> Respectfully submitted,
>
> KURT R. ERSKINE
> *Acting United States Attorney*

---

[1] If Detling seeks to introduce any other self-serving statements from the State Bar proceedings, the government respectfully submits that such statements should, likewise, be excluded. The government notes, however, that it has filed a separate motion *in limine* seeking a pretrial ruling allowing it to introduce any of Detling's statements and/or submissions in the State Bar proceedings as admissible under Federal Rules of Evidence 801(d)(2)(A), 801(d)(2)(C), and 801(d)(2)(D).

/s/ ALEX SISTLA
    *Assistant United States Attorney*
  Georgia Bar No. 845602
  Alex.Sistla@usdoj.gov


/s/ SAMIR KAUSHAL
    *Assistant United States Attorney*
  Georgia Bar No. 935285
  Samir.Kaushal@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Caitlyn Wade
>
> Suzanne Hashimi
>
> *Counsel for Chalmer Detling II*

August 17, 2021

> /s/ ALEX SISTLA
> _____
>
> ALEX SISTA
>
> *Assistant United States Attorney*