IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>CHALMER DETLING, II<br>A/K/A CHUCK DETLING | Criminal Action No.<br><br>1:18-cr-00309-LMM-LTW |

**Motion in Limine to Admit Summary Chart**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Alex Sistla and Samir Kaushal, Assistant United States Attorneys for the Northern District of Georgia, files this Motion in Limine to Admit Summary Chart.

## Background

Defendant Chalmer Detling II is charged with seven counts of wire fraud, in violation of 18 U.S.C. § 1343, and eight counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Detling's scheme involved defrauding his clients and financing companies while working as an attorney. Specifically, Detling obtained from financing companies litigation advances using his clients' identities without their knowledge or authorization and then did not use the funds for their intended purposes.

At trial, the government intends to introduce through a witness a summary chart[1] that identifies, *inter alia*, client-victims whose identities were used to obtain litigation advances, the amount obtained, the financing entity that was victimized, the date on which the litigation advance was obtained, and the bank account into which the litigation advance was deposited. The chart will contain the client-victims who are the subject of the aggravated identity theft charges in Counts 8 through 15 of the Indictment and others whose identities were fraudulently used to obtain litigation advances during the time frame of the wire fraud scheme alleged in the Indictment. The government intends to also introduce records upon which the summary chart is based: (i) the underlying litigation advance contracts with financing entities that were entered into using the names of Detling's clients and (ii) bank records for Detling's law firm that show that the litigation advance funds were not used for their intended purpose. These two categories of documents have already been provided as part of discovery.

---

[1] A draft of the summary chart will be provided at or before the pretrial conference.

## Argument

### A. The admissibility of a summary chart is governed by Rules 401, 403, and 1006 of the Federal Rules of Evidence.

"[U]nder Rule 401, [this Court] possesses 'broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue.'" *United States v. Shabazz*, 887 F.3d 1204, 1216 (11th Cir. 2018). (quoting *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006)). "And Rule 403 provides that a district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Shabazz*, 887 F.3d at 1216 (quoting Fed. R. Evid. 403). The Eleventh Circuit has explained that evidence should be examined in the light most favorable to its admission: "[W]e have underscored that Rule 403 'should be used only sparingly' and that we must 'look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id.* at 1216 (quoting *Smith*, 459 F.3d at 1295).

Under Rule 1006, a party may use "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court":

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. "[T]he underlying evidence on which the summary or chart is based must be otherwise admissible." *United States v. Thomas*, 631 F. App'x 847, 849 (11th Cir. 2015).

### B. The summary chart is admissible under Rules 401, 403, and 1006.

Here, the summary chart should be admissible as highly probative evidence summarizing voluminous litigation advance contracts and bank records for Detling's law firm. The summary chart will pertain to fraudulently obtained litigation advances—all of which fall within the date range of the wire fraud scheme alleged in the Indictment (*see* Doc. 35 at ¶¶ 11, 17–20)—and will distill dozens of pages of contracts and bank records into a digestible package that can be conveniently examined by the jury. The government intends to admit the underlying records as well, so if the jury would like to review those records, they will be available. All of this evidence would be relevant to the execution of the wire fraud scheme alleged in the Indictment. (*See id.* (alleging numerous fraudulent litigation advances aside from those that are the subject of Counts One through Fifteen).)

At all events, the summary chart will constitute a summary of intrinsic evidence because (1) it will pertain to uncharged offenses which arose out of the same series of transactions as the charged offenses, (2) it is necessary to complete the story of the crime, and (3) it is inextricably intertwined with the evidence regarding the charged offenses. *United States v. Shabazz*, 887 F.3d 1204, 1216 (11th Cir. 2018).

The *Shabazz* case is instructive here. In *Shabazz*, the Eleventh Circuit set forth the test for determining whether evidence is extrinsic or intrinsic:

> If the evidence is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offenses, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses," then it is admissible as intrinsic evidence as long as it satisfies the requirements of Rule 403.

*Id.* at 1216 (quoting *Ford*, 784 F.3d at 1393). The *Shabazz* case involved a stolen identity refund fraud scheme where the government presented evidence on uncharged fraudulent tax returns that were filed by the defendant. *Id.* at 1216–17. The Eleventh Circuit agreed with the district court's reasoning that the uncharged fraudulent tax returns were intrinsic evidence because they were "substantially similar to the charged returns." *Id.* at 1217. Specifically, "[t]hey were all filed in the names and with the social security numbers of prisoners who had

5

applied to Indigent Inmate," "[t]hey all claimed refunds for the same time period," "[t]hey all listed one of fifteen common addresses," "[a]nd they had other similar features, such as Schedule C forms that claimed large car and truck expenses and false W-2s that listed Revco or CVS, which acquired Revco, as the employer." *Id.*

This case likewise involves substantially similar conduct. The evidence presented at trial will show that Detling repeatedly used his client's personally identifying information to obtain litigation advances from the same handful of financing companies, that Detling did not provide those litigation advances to his clients but instead deposited them into bank accounts he controlled, and that Detling spent the litigation advances on, among other things, his law firm's expenses. The evidence will further show that this conduct continued over a period of months, from October 2014 until at least April 2016. Testimony presented at trial is expected to show that the State Bar of Georgia initiated a disciplinary proceeding to examine Detling's fraudulent loan activity as a whole—and that testimony will only reinforce that all of the fraudulent litigation advance contracts were entered into as part of the same series of transactions and all contribute to the same story of the crime. Accordingly, like the uncharged tax returns in *Shabazz*, the uncharged litigation advance contracts are intrinsic evidence. *E.g.*, *Ford*, 784 F.3d at 1394; *United States v. Pearson*, 832 F. App'x 679, 688 (11th Cir. 2020). As such, the

summary chart would be admissible even if it contained references to uncharged criminal conduct.

## Conclusion

For the reasons stated above, the government moves for the admission of the summary chart at trial.[2]

Respectfully submitted,

KURT R. ERSKINE
   *Acting United States Attorney*


/s/ ALEX SISTLA
   *Assistant United States Attorney*
Georgia Bar No. 845602
Alex.Sistla@usdoj.gov


/s/ SAMIR KAUSHAL
   *Assistant United States Attorney*
Georgia Bar No. 935285
Samir.Kaushal@usdoj.gov

---

[2] The government reserves the right to raise additional grounds for the admission of the summary chart and supporting evidence at trial, including admission under Rule 404(b) of the Federal Rules of Evidence.

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Caitlyn Wade

        Suzanne Hashimi

        *Counsel for Chalmer Detling II*

August 17, 2021

        /s/ ALEX SISTLA

        ALEX SISTA

        *Assistant United States Attorney*