IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>CHALMER DETLING, II<br>A/K/A CHUCK DETLING | Criminal Action No.<br>1:18-cr-00309-LMM-LTW |

**Government's Response in Opposition to Defendant's Motion to Exclude Prior Settlements**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Alex R. Sistla and Samir Kaushal, Assistant United States Attorneys for the Northern District of Georgia, files this Response in Opposition to Defendant's Motion to Exclude Prior Settlements (Doc. 106.) For the reasons that follow, defendant Chalmer Detling, II's motion should be denied.

Detling seeks a pretrial ruling to exclude any "settlement payments or discussion of settlement payments related to unpaid litigation advances." (*Id.* at 1.) He argues that such evidence should be barred under Federal Rules of Evidence 401, 403, and 408. (*Id.*) Detling's motion, however, fails to identify any specific payments or discussions he wishes to exclude.[1] Rather, he broadly asserts that evidence of any

[1] Because Detling has not identified any payments or discussions that would be subject to Rule 408, it is impossible to know the precise contours of Detling's motion.

settlement or settlement attempt should be excluded. This is not the law, and the Court should reject his argument.

Federal Rule of Evidence 408 governs the potential admissibility of offers to compromise and conduct and statements made during such negotiations in both civil and criminal trials. *See United States v. Arias*, 431 F.3d 1327, 1336–37 (11th Cir. 2005). It provides:

> (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount *of a disputed claim* or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. *The court may admit this evidence for another purpose*, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis added).

By its very terms, Rule 408 does not exclude all evidence relating to settlements. Rather, "[f]or Rule 408 to apply, there must be an actual

dispute, or at least an apparent difference of opinion between the parties, as to the validity of the claim." *Dallas v. Aetna Life Ins. Co.*, 768 F.3d 1303, 1307 (11th Cir. 1985) (citation omitted); *see also Molinos Valle Del Cibao, C. por A. v Lama*, 633 F.3d 1330, 1354 (11th Cir. 2011) ("As the . . . text demonstrates, the claim must be disputed in some way before Evidence Rule 408's proscriptions take effect.") (citing Fed. R. Evid. 408 advisory committee's notes).[2]

The government expects to introduce, among other evidence, e-mail communications between Detling and litigation financing entities relating to the fraudulently obtained settlement advances. The government does not believe—nor has Detling identified any—communications contained in this correspondence that are otherwise admissible under Federal Rule of Evidence 801(d)(2), which would be

---

[2] Weinstein's Federal Evidence breathes life into Rule 408:

> The Note requires a careful distinction between a frank disclosure during the course of negotiations—such as, "All right, I was negligent. Let's talk about damages" (inadmissible)—and the less common situation in which both the validity of the claim and the amount of damages are admitted—"Of course, I owe you the money, but unless you're willing to settle for less, you'll have to sue me for it" (admissible). Likewise, an admission of liability made during negotiations concerning the time of payment and involving neither the validity nor amount of the claim is not within the rule's exclusionary protection.

2 Weinstein's Federal Evidence § 408.06.

inadmissible under Rule 408. *See, e.g.*, *Preis v. Lexington Ins. Co.*, 279 F. App'x 940, 943 (11th Cir. 2008) (admitting evidence of the amount of flood settlement because plaintiff "submitted his claim to the flood insurers and received the full policy limits from both of them absent any dispute as to the validity of his claim"); *Molinos*, 633 F.3d at 1354 (holding that the district court did not err by admitting evidence relating to settlement of a debt where "the [defendants] did not dispute the debt; they acknowledged its existence and that they were liable for its payments").[3]

[3] If Detling identifies evidence that the Court concludes is inadmissible under Rule 408(a), *i.e.*, statements or other evidence relating to a *disputed* claim, the government reserves the right to argue that such evidence may be otherwise admissible under Rule 408(b) because it is being offered for a purpose other than to either to prove or disprove the validity or amount of that claim. *See, e.g.*, *United States v. King*, 623 F. App'x 962, 966 (11th Cir. 2015) (explaining that evidence of administrative complaint and cease-and-desist order admissible under Rule 408 because it was offered to show defendant "continued to participate in the scheme even after she was told that it was fraudulent"); *Barker v. Niles Bolton Assocs.*, 316 F. App'x 933, 937 (11th Cir. 2009) (determining that district court did not err by admitting redacted settlement agreement because it "was not offered to prove liability for or invalidity of the claims against [the defendants], but rather to show the measure of damages [the plaintiff] sustained"); *see also United States v. Wahl*, 545 F. App'x 45, 50–51 (2d Cir. 2014) (district court did not err by admitting defendant's affidavit from settlement negotiations because it was offered to prove [defendant's] knowledge that the clinics were operating in his name"); *United States v. Ramsey*, 383 F. App'x 495, 498 (5th Cir. 2010) (assuming that admitted IRS records were the product of settlement negotiations, they were admissible under Rule 408 because they were offered "to prove intent, knowledge, and the absence of mistake") (citing Fed. R. Evid. 404(b)); *United States v. Davis*, No. 09-cr-243, 2009 U.S. Dist. LEXIS 102559, at *13 (E.D. Pa. Nov. 4, 2009) (observing that "[s]ettlement agreements offered for the[] purpose [of showing a lack of mistake and the defendant's motive] may be received into evidence pursuant to Rule 408") (citation

## Conclusion

For the foregoing reasons, Detling's motion to exclude prior settlements should be denied.

Respectfully submitted,

KURT R. ERSKINE
*Acting United States Attorney*

/s/ ALEX SISTLA
*Assistant United States Attorney*
Georgia Bar No. 845602
Alex.Sistla@usdoj.gov

/s/ SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285
Samir.Kaushal@usdoj.gov

omitted); *United States v. Wirtz*, No. 04-18, 2004 U.S. Dist. LEXIS 27159, at *11 (D. Minn. Sept. 25, 2014) (denying defendant's motion to exclude settlement agreement because it was admissible under Rule 408 to show his knowledge of improper ticketing practices) (citations omitted).

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Caitlyn Wade

Suzanne Hashimi

*Counsel for Chalmer Detling II*

August 24, 2021

/s/ ALEX SISTLA

ALEX SISTA

*Assistant United States Attorney*