IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

### RESPONSE TO GOVERNMENT'S PROPOSED VOIR DIRE

COMES NOW, the Defendant, Chalmer Detling, II, and hereby responds to the government's proposed voir dire. In response, Mr. Detling shows as follows:

(1)

The government's proposed jury questions include a number of questions regarding the Georgia State Bar, its rules, and disciplinary proceedings. Specifically, questions 22 and 23 relate to such matters. (Doc. 112 at 6). Mr. Detling has previously moved to exclude all of the Georgia State Bar proceedings. (Doc. 105). The jury will not be deciding whether Mr. Detling violated Georgia Bar rules or whether his conduct was unethical but rather whether the jury believes that the government has met its burden to prove beyond a reasonable doubt of each and every element of the charges for wire fraud and aggravated identity theft. If the Georgia State Bar rules and related matters are presented to the jury through voir dire, there is a danger of confusing the jurors regarding the issues presented to

them. Consequently, Mr. Detling objects to the government's questions on these matters.

(2)

The government has also proposed questions, 24, 25, and 26, regarding the jury's verdict and punishment in the event of a conviction. (Doc. 112 at 7). Mr. Detling does not object to these questions being asked but if the questions are asked, he requests that the Court supplement the questions with an additional question: Can you follow the Court's instructions that the government must prove beyond a reasonable doubt each and every element of each individual charge and respect that Mr. Detling is presumed to be innocent unless and until the government meets its burden of proving his guilt beyond a reasonable doubt. Such a question would provide the necessary balance to the questions proposed by the government.

(3)

The government's proposed questions do not include a question as to whether the jury is familiar with their witnesses. Mr. Detling requests that the voir dire be supplemented with a question regarding whether the jurors know or are related to any government witnesses along with a list of those witnesses. In Mr. Detling's proposed voir dire, there is no question regarding the defense paralegal, but the jury should be asked whether they know Max Tinter.

Conclusion

For the foregoing reasons, Mr. Detling asks that the Court deny the government's request that the jury be asked questions 22 and 23, supplement the government's questions with the defense question proposed above, and include a question regarding whether the jurors know the witnesses or our paralegal, Max Tinter.

Dated: This 24th day of August, 2021.

Respectfully Submitted,

/s/ Caitlyn Wade
Caitlyn Wade
Georgia Bar No. 259114

s/ Suzanne Hashimi
Suzanne Hashimi
State Bar No. 335616

Attorneys for Mr. Detling