IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**CHALMER DETLING, II**<br>**A/K/A CHUCK DETLING** | Criminal Action No.<br><br>1:18-CR-00309-LMM-LTW<br><br>**United States' Opposition to Defendant's Motion in Limine to Exclude Bar Proceedings** |

The United States of America, by Kurt R. Erskine, Acting United States Attorney for the Northern District of Georgia, and Alex R. Sistla and Samir Kaushal, Assistant United States Attorneys, files this opposition to Defendant Chalmer Detling, II's Motion *in Limine* to Exclude Bar Proceedings. For the reasons below and those identified in the government's Consolidated Motions *in Limine*, Detling's motion should be denied.

## Introduction

Detling has moved to exclude evidence "of the disciplinary bar proceeding(s) and [his] voluntary surrender of his law license." (Doc. 105 at 1.) He moves to exclude such evidence despite acknowledging that "[s]ome of the alleged conduct" that was the subject of the disciplinary proceedings before the State Bar of Georgia in June 2016 "is related to the alleged conduct in [the] current case." (*Id.*)

Nonetheless, Detling claims this evidence is "improper character evidence" and regardless it should be excluded because it is more prejudicial than probative." (*Id.* at 2.) Lastly, Detling argues that "any testimony from the bar proceeding" is not admissible in this case because that earlier testimony was given in a civil proceeding. (*Id.*)

Detling is correct that the government anticipates introducing into evidence the fact that he was the subject of disciplinary proceedings before the Georgia Bar, as well as evidence and testimony introduced during those disciplinary proceedings. His blanket suggestion, however, that evidence about either the disciplinary proceedings or any evidence introduced during such proceedings is inadmissible as "improper character evidence" is incorrect. As for Detling's argument that *his own testimony* is somehow inadmissible, this too is wrong as a matter of law as explained in the government's previously filed consolidated motions *in limine*. (Doc. 110 at 2) (citing *United States v. Archie*, No. 1:15-cr-338-MHC, 2017 U.S. Dist. LEXIS 225736, at **3–4 (N.D. Ga. Jan. 19, 2017) (holding that defendant's statements in prior civil deposition were admissible under Rule 801(d)(2)(A)) (citing *United States v. Veltmann*, 6 F.3d 1483, 1499–1500 (11th Cir. 1993)) (Cohen, J.).) While aspects of the disciplinary proceedings may be inadmissible on relevancy or prejudice grounds (or not otherwise admissible under Rule 404(b)), the Court should reject Detling's attempt to categorically exclude all evidence relating to the Georgia Bar proceedings.

2

**Argument**

**A. Evidence regarding the State Bar of Georgia proceedings is not improper character evidence.**

The government is not seeking to introduce evidence of the Georgia Bar's disciplinary investigations of Detling as improper propensity evidence under Federal Rule of Evidence 404. Indeed, it is not clear why the Georgia Bar's investigation *itself* would constitute so-called "other act" evidence.[1] Rather, testimony and evidence relating to the Georgia Bar's investigation is relevant because it provides context for the jury and is "'necessary to complete the story of the crime [or is] inextricably intertwined with the evidence regarding the charged offense.'" *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)); *see also United States v. Proctor*, No. 19-14323, 2021 U.S. App. LEXIS 17971, at *17–18 (11th Cir. June 16, 2021) ("'Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted' as intrinsic to a charged offense 'if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of

---

[1] The government is currently identifying its potential exhibits, and if some aspect of the Georgia Bar proceedings qualifies as Rule 404(b) evidence, the government will provide appropriate notice to Detling.

3

the crime for the jury.'") (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).

Here, the government anticipates the evidence at trial will show, among other things, that it was the Georgia Bar's investigation into Detling's potential misuse of his law firm's bank accounts and mishandling of client funds that ultimately led to the discovery that he had also fraudulently obtained litigation advances in his clients' names. After discovering this information, the Georgia Bar took multiple investigative steps, including contacting the litigation financing entities, former employees of Detling's law firm, and many of Detling's former clients impacted by his fraud, as well as subpoenaing various records, deposing Detling, and conducting an evidentiary hearing before a special master. The government anticipates that its witness from the Georgia Bar, the Deputy General Counsel, will testify not only about how the investigation unfolded, but also that the Georgia Bar was initially only aware of a single litigation financing entity—Capital Financing—having been potentially impacted by Detling's conduct. But during its investigation, the Georgia Bar received an anonymous letter—later determined to have been sent by Detling's former paralegal—advising that another entity and other former clients were potentially impacted by Detling's fraudulent conduct.

Moreover, the government anticipates introducing statements made and/or documents filed by Detling in the Georgia Bar proceedings. (Doc.

4

110 at 1–2.) Without evidence about the Georgia Bar's proceedings, the jury would lack the necessary context to understand not only Detling's statements and submissions, but also items like the anonymous note the Georgia Bar received. In short, this is exactly the type of admissible "testimony regarding how the investigation in this case unfolded. . . [which] . . . [falls] outside the scope of Rule 404(b)." *United States v. Jubiel*, 377 F. App'x 925, 931 (11th Cir. 2010); *United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998) (evidence relating to defendant's membership in criminal organization that was not subject of prosecution was properly admitted because the "evidence was vital to an understanding of the context of the government's case").

In addition, numerous important government witnesses, including individuals from the litigation financing entities, some of Detling's employees at the law firm, and client-victims whose identities were used in the fraudulently obtained litigation advances, interacted with the Georgia Bar as the alleged wire fraud scheme collapsed. Excising those interactions from witness testimony would be exceedingly difficult, if not impossible, because the Georgia Bar played a central role in exposing Detling's criminal conduct.[2] *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002) ("Acts satisfy the inextricably intertwined doctrine if they complete the story of the crime on trial;

---

[2] The government reserves the right to supplement these grounds for relevance at trial.

their absence would create a chronological or conceptual void in the story of the crime; or they are so blended or connected that they incidentally involve, explain the circumstances surrounding, or tend to prove any element of, the charged crime.").

Indeed, courts routinely admit evidence of uncharged events preceding the charged conduct or related investigations as necessary to "complete the story of the crime." *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983) (district court properly admitted evidence of uncharged stolen vehicle investigation because "it explained the agent's presence with [the defendant] and his associates . . . and was reasonably necessary to complete the story of the crime"); *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) (evidence that defendant charged with being a felon-in-possession was involved in a shootout prior to his arrest was properly admitted because "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the charge.") (citations omitted); *United States v. Marks*, No. 19-cr-003, U.S. Dist. LEXIS 107220, at *12 (M.D. Tenn. June 8, 2021) (rejecting defendant's argument to categorically exclude all evidence from the state's civil investigation "purely because it has a connection to the civil proceedings") (citing *United States v. Kostenko*, 5:16-cr-221, 2017 U.S. Dist. LEXIS 57975, at *8 (S.D. W.Va. Apr. 17, 2017) ("find[ing] that

evidence from administrative proceedings may be admissible to show the [d]efendant's knowledge that his practices fell outside the usual course of professional medical practice and beyond the bounds of medical practice")); *United States v. Thomas*, 214 F. Supp. 3d 187, 193 (E.D.N.Y. 2016) (admitting evidence from the "NYPD's subsequent investigation" because it was 'inextricably intertwined' with the felon in possession of ammunition charge, because this evidence provides 'crucial background evidence that gives coherence to the basic sequence of events that occurred on the day of the charged crime") (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal brackets omitted)).

Detling's citation to *Watkins v. Pinnock*, 802 F. App'x 450 (11th Cir. 2020), does not advance his cause. The *Watkins* case is plainly distinguishable. In *Watkins*, the plaintiff conceded that he sought to introduce the defendants' prior conduct, including their disciplinary histories, for propensity purposes—namely to prove their "job character." *Id.* at 458. The Court of Appeals thus readily affirmed the district court's ruling to exclude this evidence because it was clearly improper under Rule 404(b).

### B. Federal Rule of Evidence 608(b) has no bearing on either the admissibility of evidence regarding the Georgia Bar proceedings or the admissibility of any evidence introduced during those proceedings.

Detling argues in the alternative that "testimony or records from the bar proceedings . . . should be excluded on the basis that they are extrinsic evidence of a prior specific act, which is barred by Federal Rule of Evidence 608(b)." (Doc. 105 at 5.)

Detling's reliance on Rule 608(b) is misplaced. Rule 608 governs how a witness's character for truthfulness may be supported or attacked. First, it provides that that a witness's "credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about the character." Fed. R. Evid. 608(a). Second, except for criminal convictions admissible under Rule 609, it specifically bars the use of extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Third, the rule allows a party to inquire—with the permission of the court—into specific instances of conduct on cross examination "if they are probative of the character for truthfulness or untruthfulness." *Id.*

In 2003, Rule 608 was "amended to clarify that the absolute prohibition on extrinsic evidence applies only when the *sole reason* for proffering that evidence is to attack or support the witness' character

8

for truthfulness." Fed. R. Evid. 608, Committee Notes on Rules—2003 Amendment (emphasis added) (citing *United States v. Abel*, 469 U.S. 45 (1984); *United States v. Fusco*, 748 F.2d 996 (5th Cir. 1984)). Consequently, "[e]xtrinsic evidence offered to prove specific instances of witness conduct should be assessed under Rule 403 unless the evidence in question is offered to support or attack a witness's character for truthfulness." *United States v. Carthen*, 906 F.3d 1315, 1325 (11th Cir. 2019) (Pryor, W., concurring) (discussing impact of 2003 amendment to Rule 608(b) and the need to bring the Eleventh Circuit's case law in line with this amendment).[3] "Rule 608(b) does not govern the admission of extrinsic evidence for any other purpose." *Id.*

Rule 608's narrow bar on the use of extrinsic evidence is therefore inapplicable because the government intends to offer evidence of the Georgia Bar's proceedings for reasons other than attacking Detling's character for truthfulness. As discussed above, evidence about the Georgia Bar proceedings provides, among other things, the necessary context to understand how the investigation in this case unfolded and place in context statements, written and oral, that Detling made during those proceedings. Those statements are highly probative of issues

---

[3] *See also* Fed. R. Evid. 608, Committee Notes on Rules—2003 Amendment ("The amendment conforms the language of the Rule to its original intent, which was to impose an *absolute bar on extrinsic evidence only if the sole purpose* for offering the evidence was to prove the witness' character for veracity.") (emphasis added).

central to the criminal charges, including control of the law firm's bank account, knowledge of his law firm's finances, and his relationships with the litigation financing entities.

Detling cited a lone district court case— *Beary v. Deese*, No.16-cv-15757, 2018 U.S. Dist. LEXIS 118642 (E.D. La. July 16, 2018)—in support of his argument that Rule 608(b) bars the government from presenting in its case-in-chief evidence regarding the Georgia Bar proceedings. That decision is both legally and factually distinguishable. *Beary* addressed whether the defendant would be permitted to cross examine the plaintiff about his past disciplinary and criminal proceedings under Rule 608(b), including that he had received a formal complaint from the Louisiana Disciplinary Board and was suspended from the practice of law. 2018 U.S. Dist. LEXIS 118642 at, **9–12. The court refused to permit the defendant to cross examine about these topics because the plaintiff's suspension arose from his "illegal drug possession charge, [which was] not probative of his character for truthfulness or untruthfulness." *Id.* at *12. Contrary to Detling's suggestion, *Beary* does not stand for the general proposition that attorney disciplinary proceedings are categorically inadmissible. Nor does it stand for the proposition that they are only admissible if they are probative of a witness's character for truthfulness or untruthfulness.

### C. Detling's deposition testimony and other statements made or adopted by him in the Georgia Bar proceedings are admissible under Federal Rules of Evidence 801(d)(2)(A), 801(d)(2)(C), and 801(d)(2)(D).

Detling also argues that his testimony and other statements made in the Georgia Bar proceedings are inadmissible under Federal Rule of Evidence 804(b)(1). (Doc. 105 at 7–8.) Relying on *United States v. Kennard*, 472 F.3d 851 (11th Cir. 2011), Detling claims that these statements are inadmissible in his criminal trial "because they occurred during a civil proceeding." (*Id.* at 8.) This argument is a canard; Rule 804(b)(1) has no bearing on the admissibility of Detling's own statements.

As the government explained in its consolidated motions *in limine* Detling's statements are admissible as statements of a party opponent under Federal Rule of Evidence 801(d)(2). (Doc. 110 at 1–2) (citing *United States v. Archie*, No. 1:15-cr-338-MHC, 2017 U.S. Dist. LEXIS 225736, at **3-4 (N.D. Ga. Jan. 19, 2017) (Cohen, J.)); *see also United States v. Scali*, No. 16-cr-466, 2018 U.S. Dist. LEXIS 8137, at **11–12 (S.D.N.Y. Jan. 18, 2018) (admitting under Rule 801(d)(2) affidavit submitted by defendant to Southern District of New York Grievance Committee) (citing *Red Cardinal Fifteen, Inc. v. Lange*, 106 F.3d 391 (4th Cir. 1997) (admitting discovery responses served in a prior case); *United States v. Dimitroff*, 541 F.2d 629, 631–32 (6th Cir. 1976) (affirming admission of an affidavit from probate court under Rule

801(d)(2))); *United States v. Eichholz*, No. 4:09-cr-166, 2009 U.S. Dist. LEXIS 145335, at **2–4 (S.D. Ga. Dec. 14. 2009) (finding meritless argument that defendant's statements made to Department of Labor investigator are inadmissible for failing to comply with internal agency policies or guidelines).

In addition to Detling's own statements, any filings, correspondence, and submissions Detling made himself would likewise be admissible under Rule 801(d)(2)(A). (Doc. 110 at 2) (citations omitted); *see also Shell Oil Co. v. United States*, 896 F.3d 1299, 1312 (Fed. Cir. 2018) (stating that stipulation is admissible under either Rule 801(d)(2)(A) -- statements made "'in an individual or representative capacity'" or "'one the party manifested that it adopted or believed to be true'") (quoting Fed. R. Evid. 801(d)(2)(A), (B)); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 232 (3d Cir. 2010) (observing that a stipulation may be an admission by a party opponent).

The case on which Detling relies, *Kennard*, illustrates the inapplicability of Rule 804(b)(1).[4] In *Kennard,* the defendants sought to

---

[4] Federal Rule of Evidence 804(b)(1) provides that "former testimony" is "not excluded by the rule against hearsay if the declarant is unavailable as a witness", if that testimony:

(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

12

introduce the deposition testimony of an "unavailable" third party. 472 F.3d at 855. To do so, required that they show: (i) that the declarant was unavailable as a witness; and (ii) the party against whom the testimony is offered in the criminal case "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *Id.* (quoting Fed. R. Evid. 804(b)(1)). Although the witness was "unavailable" because of his intention to invoke the Fifth Amendment, the district court nevertheless excluded the testimony because the defendant could not show that the Securities and Exchange Commission—which had taken the deposition—had a sufficient similarity of motives as that of the United States Attorney prosecuting the defendants. *Id.* The Court of Appeals affirmed. Notably, there was no discussion of Rule 801(d)(2) because the defendants were not seeking to introduce the statements of a party-opponent. As such, *Kennard* does not control here. *Cf. United States v. Abel*, 469 U.S. 45, 56 (1984) ("[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible."); *United States v. DiSantis*, 565 F.3d 354, 360 (7th Cir. 2009); *Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14-cv-38, 2016 U.S. Dist. LEXIS 81985, at **6–8 (S.D. Ga. June 23,

---

(B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

13

2016) (noting that plaintiff's deposition testimony is not admissible under Rule 804(b)(1) because "[p]laintiff will be available to testify at trial" but regardless the "[p]laintiff's examinations under oath are admissions by a party opponent and not hearsay") (citing Fed. R. Evid. 801(d)(2)).

### D. The Georgia Bar proceedings evidence is admissible under Rule 403.

Detling also argues that the evidence of the Georgia Bar proceedings should be excluded under Rule 403 because its probative value is allegedly substantially outweighed by its prejudicial effect. (Doc. 105 at 6–7.) As explained above, the Georgia Bar proceedings evidence—including its conclusion, Detling's voluntary surrender of his law license—carries high probative value because it is a core component of the facts that underlie this criminal case. Providing this information to the jury is important to give them the complete story of what occurred in this case.

The supposed prejudice that Detling identifies—setting aside that the prejudice seems to be based more on how the defense believes the government will argue the case and not the evidence itself—can be addressed through limiting instructions, if needed. Exclusion under "Rule 403 is an extraordinary remedy[,] which should be used only sparingly[,] and the balance should be struck in favor of admissibility." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007)

(internal quotation marks omitted). This evidence should not be excluded under Rule 403.

## Conclusion

For the reasons stated above, Detling's motion in limine to exclude evidence of the Georgia Bar proceedings should be denied.

Respectfully submitted,

KURT R. ERSKINE
*Acting United States Attorney*


/S/ ALEX SISTLA
*Assistant United States Attorney*
Georgia Bar No. 845602
Alex.Sistla@usdoj.gov

/S/ SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285
Samir.Kaushal@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

                Caitlyn Wade
                Suzanne Hashimi

August 24, 2021

                /s/ ALEX SISTLA
                ALEX SISTLA

                *Assistant United States Attorney*