IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

### RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE

COMES NOW, the Defendant, Chalmer Detling, II, and hereby files the following objections to the government's consolidated motions in limine (Doc. 110).

(1)

Mr. Detling objects to the government's motion in limine to "admit statements made and/or documents filed by and/or adopted by [him] in proceedings before State Bar of Georgia under Federal Rules of Evidence 801(d)(2)(A), 801(d)(2)(C), and 801(d)(2)(D)." The government specifically identifies three items that it intends to admit: 1) an affidavit submitted by Mr. Detling, 2) a section of stipulated facts contained in a consolidated pretrial order, and 3) testimony regarding stipulated facts and admissibility of certain records. (Doc. 110 at 1-2).[1]

---

[1] Mr. Detling previously filed a motion in limine to exclude all evidence and argument related to the prior disciplinary bar proceedings. (Doc. 105). Here Mr.

As to the first item, it should be excluded as irrelevant. The affidavit in question was submitted by Mr. Detling regarding a bar investigation in reference to two former clients unrelated to this criminal action. The entire affidavit pertains to the allegations regarding those two clients. The only portion that is arguably related to this case discusses control of the Detling Law Group IOLTA account. However, the timeframe to which this section refers is unclear. If the government isn't able to show that the timeframe referenced in the affidavit is in fact the same as the allegations in this case, then the statement is irrelevant.

However, even if the Court finds that statements in the affidavit are relevant, it should be excluded under Fed. R. Evid. 403 as its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. If the affidavit was admitted, the court would have to choose to admit the entire document including the irrelevant portions or a redacted copy. Both options are concerning. An unredacted copy would likely confuse the jury by introducing the names of two additional former clients that are unrelated to the criminal charges. This would also prejudice Mr. Detling by introducing evidence that he was facing an additional bar investigation. However, a redacted copy would leave

---

Detling only responds regarding the three items that the government enumerated in its prior motion in limine.

the jury without any context for the statement which would also lead to confusion. Overall, Fed. R. Evid. 403 would preclude the admission of the affidavit.

As to the second and third items, these stipulations regarding certain facts and the admissibility of records are not "statements" at all.  A stipulation is an agreement "conceding or admitting" matters in a judicial proceeding and "is to be encouraged as a means of simplifying issues and avoiding unnecessary proof." *United States v. One 1978 Bell Jet Ranger Helicopter*, 707 F.2d 461, 464 (11th Cir. 1983). It's clear that a party could be motivated to agree to stipulations based on litigation strategy alone.  This means that a party may not agree with the stipulation of fact entirely but would rather not complicate the litigation with unimportant matters.  These potential motivations prevent "stipulations" from meeting the definition of a "statement" under Fed. R. Evid. 801(a)[2] The litigation strategy involved in bar disciplinary proceedings is entirely different from that of a criminal trial and any stipulations cannot be seen as admissions or statements of Mr. Detling.  Additionally, it is clear that a stipulation between the parties may be ignored by the court if it is a stipulation as to what the law requires. *King v. United States*, 641 F.2d 253 (5th Cir.1981); *Equitable Life Assurance Co. v. MacGill*, 551

---

[2] "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

3

F.2d 978 (5th Cir.1977)[3].  Therefore, any stipulation regarding the admissibility of certain evidence at the prior disciplinary proceedings should not be seen as a "statement" of either Mr. Detling or his prior counsel.

(2)

Mr. Detling objects to the government's motion in limine to exclude or limit evidence and testimony regarding the health of his daughter.  The government argues that evidence regarding Mr. Detling's daughter's health would not be probative of any issues at trial. (Doc. 110 at 6). However, this evidence would be relevant in a number of ways.

In July of 2014, Mr. Detling's daughter was diagnosed with a cancerous tumor on her optic nerve.  Between October 2014 and April 2015 (the time period of the alleged fraud scheme), Mr. Detling's daughter was undergoing extensive cancer treatment.  Evidence of her condition and treatment are important to explain Mr. Detling's level of involvement (or lack of involvement) within the law firm, the need for various firm responsibilities to shift to other employees, as well as his state of mind and attention toward firm matters during this timeframe.  These issues are directly relevant to whether Mr. Detling was involved in the alleged

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

fraud scheme. Mr. Detling does not intend to introduce this evidence to excuse otherwise unlawful conduct or to evoke sympathy as argued by the government.

The government further argues that even if this evidence is relevant it should be excluded because its relevance would be substantially outweighed by potential prejudice to the government. (Doc. 110 at 6). In support of this argument the government cites *United States v. Bruner* (a district court case from the Eastern District of Kentucky) in which the court excluded videos of the defendant's severely handicapped severely handicapped sister and elderly, confused mother because "[t]he primary impact of the videos would be to garner sympathy from the jurors and distract from the issues at trial". *Id.* That is not the case here. Evidence of Mr. Detling's daughter's cancer diagnosis and treatment goes directly to the issue of his involvement in and knowledge of firm matters and subsequently any fraud that may have been going on at the firm.

(3)

Mr. Detling objects to the government's motion in limine to exclude evidence and argument that he intended to repay the litigation financing businesses. The government argues that evidence of subsequent repayment (or an intention of repayment) does not negate criminal intent to defraud. (Doc. 110 at 7). Mr. Detling does not disagree. However, Mr. Detling preserves the right to present a full defense regarding the intent element of the charged offenses. Any further

response to the government's motion in limine on this issue would require disclosure of potential trial strategy that is not required at this time.

(4)

Mr. Detling objects to the government's motion to exclude any evidence that his former clients did not suffer a financial loss.  The government argues that financial harm is not a required element of aggravated identity theft.  Mr. Detling does not intend to argue that the lack of financial loss is a defense to aggravated identity theft.  However, precluding testimony regarding the lack of financial loss presents the risk that jurors will infer that a loss could have or did in fact occur.  This could mislead the jury and lead to unfair prejudice against Mr. Detling.  The term "unfair prejudice," as applied to a criminal defendant, "speaks to the capacity of some [opined] relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L. Ed. 2d 574 (1997).  Here the risk is that the jury could find Mr. Detling guilty based on some perceived financial harm suffered by his former clients.

(5)

Mr. Detling objects to the government's motion in lime to preclude evidence or argument concerning the penalties associated with the charged offenses.  Mr. Detling does not intend to introduce evidence regarding the potential criminal

penalties he faces if convicted of the charged offense. However, the penalties associated with wire fraud and aggravated identity theft would be admissible as impeachment evidence for any government witness who could have potentially been implicated in the alleged fraud scheme. This evidence is admissible to impeach a witness' credibility as it tends to show the witness' bias or motivation to lie. Mr. Detling reserves the right to impeach the government's witnesses regarding the potential penalties of wire fraud and aggravated identity theft as applicable.

(6)

Mr. Detling objects to the government's motion in limine to preclude impeachment through investigative reports. The government suggests that the defense should be precluded from impeaching witnesses with investigative reports prepared by individuals, i.e. FBI agents' 302 reports, unless the witness has adopted or signed the reports. Undersigned counsel is familiar with the various methods which can be utilized in the impeachment of a witness. Specifically, an attorney can ask a witness whether they made a particular statement or asserted a particular fact, which appears in a FBI 302 report, to be true without referencing the 302 report. The witness can deny making the statement or deny asserting a particular fact. If the witness makes such a denial, defense counsel is free to call the FBI agent who wrote the report whether the witness made a particular

statement or asserted a particular fact. If the agent agrees that his or her report reflects such a statement, then the attorney can recall the witness to impeach him based on his oral statements to the agent. *United States v. Saget*, 991 F.2sd 702, 710-11 (11th Cir. 1993).

Mr. Detling is entitled to a thorough and sifting cross-examination of all of the government's witnesses under the Sixth Amendment to the United States Constitution. The government can make any reasonable objections to undersigned counsel's methods during cross examinations of witnesses. However, the government's reliance on *Saget* is misplaced as the case describes exactly how defense counsel can impeach a witness regarding their prior oral statements to law enforcement with a proper foundation. *Id*.

## Conclusion

For the foregoing reasons, Mr. Detling asks that the Court deny the government's requests as outlined in their consolidated motions in limine.

Dated: This 24th day of August, 2021.

Respectfully Submitted,

*/s/ Caitlyn Wade*
Caitlyn Wade
Georgia Bar No. 259114

*s/ Suzanne Hashimi*

8

Suzanne Hashimi
State Bar No. 335616

Attorneys for Mr. Detling