# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## 1:18-cr-00309-LMM-LTW
## USA v. Detling
## Honorable Leigh Martin May

Minute Sheet for proceedings held In Open Court on 10/13/2021.

TIME COURT COMMENCED: 10:01 A.M.
TIME COURT CONCLUDED: 12:24 P.M.
TIME IN COURT: 2:23
OFFICE LOCATION: Atlanta

COURT REPORTER: Montrell Vann
CSO/DUSM: 2 CSO
DEPUTY CLERK: Brittany Poley

DEFENDANT(S): [1] Chalmer Detling, II NOT Present at proceedings

ATTORNEY(S) PRESENT:
Suzanne Hashimi representing Chalmer Detling
Samir Kaushal representing USA
Alex Sistla representing USA
Caitlyn Wade representing Chalmer Detling

PROCEEDING CATEGORY: Pretrial Conference

MOTIONS RULED ON:
DFT#1-[105] Motion in Limine to Exclude Bar Proceedings GRANTED IN PART & DENIED IN PART
DFT#1-[110] Consolidated Motion in Limine GRANTED IN PART, DENIED IN PART & DEFERRED IN PART
DFT#1-[113] Motion in Limine to Exclude Hearsay DEFERRED
DFT#1-[106] Motion in Limine to Exclude Prior Settlements DEFERRED

MINUTE TEXT:
Jury Trial is for Thursday, October 21, 2021. The first day of trial will start at 9:30 a.m. Counsel shall report to Courtroom 2107 at 9:15 a.m. The CRD will send notice when it is time to report to the 23rd floor ceremonial courtroom for jury selection. Each subsequent day of trial will begin at 9:00 a.m. Counsel should plan to arrive by 8:45 a.m.

The parties will confer as to whether the defendant shall wear a face mask or face shield during the trial and notify the Court if there is disagreement.

The parties shall submit their jury instructions and proposed verdict form by the end of the day Monday, October 18th on CM/ECF and in Word format emailed to Ms. Poley.

The Government shall inform the Court whether they would prefer the Court to charge the jury before or after closing arguments. Defense counsel requested that the Court charge the jury prior to closing argument.

The Court requested the Government provide a notebook of exhibits with tabs with the exhibit number to be delivered to chambers the morning of trial.

The parties shall have 30 minutes each for opening statements. If the parties plan on using any exhibits during opening statements, the parties must confer with opposing counsel. Any objections to exhibits used in opening statements must be raised prior to opening statements.

The Government's final witness and exhibit lists shall be emailed to Ms. Poley the day before trial. The Court encouraged the parties to admit exhibits by stipulation whenpossible.

The Court will arrange a time the morning of trial to discuss the existence of a plea agreement with the defendant.

The Government made an ORAL MOTION to dismiss Counts 1-3 and 8-10 of the Indictment. The Court GRANTED the motion as unopposed. The parties shall confer on the Government's revised Indictment.

Regarding the parties' motions in limine relating to the defendant's bar proceedings, the Court will allow the Government to talk about the fact that there was a bar investigation/proceeding. The Court excluded testimony that Mr. Detling voluntarily gave up his license unless the door is opened by defense counsel. The Court ordered the Government to revise the Indictment to remove language that the defendant is not licensed and to confer with defense counsel as to other possible changes. The Court will not exclude the defendant's testimony, statements, and stipulations made during the bar proceedings based on the reasons raised during the conference.

The Court made the following rulings on the Government's [110] Consolidated Motion in Limine: Motion 1 is DEFERRED; the Court has not excluded these statements on the basis Defendant requested. Motion 2 is DENIED IN PART AND DEFERRED; the Court will not prohibit all mentions of the medical condition but will limit the testimony; defense counsel shall provide their list of questions to the Government by the end of the day on Friday, October 15th. The parties shall notify the Court if there is disagreement. The Court will not allow the introduction of the medical records. Motions 3 and 4 are GRANTED unless the door is opened by Government's counsel, then the Court will revisit. Motion 5 was agreed upon except as it related to penalties; the Court will exclude penalty evidence. The Court confirmed that no further rulings were needed on the remainder of the Government's [110] motion.

The Court DEFERRED until trial ruling on the Government's [113] Motion in Limine to Exclude Hearsay Testimony.

The Court DEFERRED until trial ruling on Defendant's [106] Motion in Limine to Exclude Prior Settlements.

The Court will address the remaining motions at the pretrial conference set for Tuesday, October 19th at 11:00 a.m.
The parties are instructed to contact Ms. Poley if additional pretrial issues needing Court attention arise. The parties are directed to the transcript of the pretrial conference for additional details and deadlines.

    As for more details regarding the Court's rulings on evidentiary issues, the parties are directed to the transcript.

HEARING STATUS:   Hearing not concluded. Court adjourned and will reconvene at 11:00 a.m. on October 19, 2021.