IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No.: |
| *versus* | 1:18-CR-00309-LMM-LTW-1 |
| CHALMER DETLING, II | |

### BRIEF IN SUPPORT OF THEORY OF THE DEFENSE JURY CHARGE

COMES NOW, the Defendant, Chalmer Detling, II, and hereby submits his brief in support of his theory of the defense jury charge and shows the Court as follows.

Mr. Detling is entitled to have the jury instructed on his theory of the defense. United States v. Opdahl, 930 F.2d 1530 (11th Cir. 1991) and United States v. Ruiz, 59 F.3d 1151 (11th Cir. 1995). He submitted his theory of the defense to the Court which reads as follows:

> The indictment charges Mr. Detling acted alone in committing wire fraud and aggravated identity theft. You cannot convict him for conduct engaged in by either Mackenzie Cole or Aimie Ingram because he is not charged with being in a conspiracy with them or aiding or abetting them. You must decide whether the government has met its burden of proving beyond a reasonable doubt that he acted alone in committing these offenses regardless of whether you believe he engaged in other wrongdoing that is not charged in the indictment. The indictment upon which you must base your decision does not charge Mr. Detling for engaging in a conspiracy or that he aided or

1

abetted others in the commission of the charged offenses. Consequently, you must acquit if you believe there is a reasonable doubt that he acted alone.

At trial, evidence has been presented which shows that Ms. Cole and or Ms. Ingram engaged in the commission of the offenses charged in the indictment. Specifically, the evidence at trial shows that Ms. Cole had access and the ability to transfer funds from the Detling Law Group and the Detling Cole firm IOLTA bank accounts into the Detling Cole operating account.   Both Ms. Ingram and Ms. Cole had the daily duty of reconciling these bank accounts and through Ms. Cole's access to these accounts, they could observe funds in the IOLTA accounts and the operating account.   An email from Vicki Dollar, who worked for Suntrust where the accounts were held, to Ms. Cole commented on a transfer of   a client advance from the IOLTA account into the operating account.   This transfer was possible because Ms. Cole had access and the ability to move funds between these accounts.   Moreover, Ms. Ingram assisted Ms. Cole in monitoring these accounts daily.   There has been further evidence which supports a finding that Ms. Ingram forged the signature of Brandi Pajot on an advance contract, the subject of count four of the indictment. Both women are thus implicated in committing the offenses charged in the indictment.   However, Mr. Detling is not charged with engaging in a conspiracy

with Ms. Cole and Ms. Ingram or aiding and abetting them in the commission of these offenses.

The commission of a substantive offense and a conspiracy to commit it are separate distinct charges.   United States v. Gornto, 792 F.2d 1028, 1035 (11th Cir. 1986).   See also, Pereira et al. v. United States, 347 U.S. 1 (1954) and Pinkerton v. United States, 328 U.S. 640 (1946).   This well settled principle of law establishes that substantive offenses are distinctly different from the crime of conspiracy.   In the instant case, the government elected to charge Mr. Detling alone with the commission of wire fraud in violation of 18 U.S.C. §1343 and aggravated identity theft in violation of 18 U.S.C. §1028(a)(1).   During the course of the trial, the government has contended that Ms. Cole and Ms. Ingram were unknowing innocent bystanders at the firm.[1]   The evidence adduced at trial has rebutted this claim. Consequently, the defense is seeking to have the jury instructed that the government's case must live or die on the charges contained in the indictment rather than some other crime, i.e. conspiracy.

---

[1]  Indeed the indictment in this case repeatedly states that Mr. Detling and Mr. Detling alone committed the acts supporting a finding of guilt for wire fraud and aggravated identity theft.

Since Mr. Detling is not charged with aiding and abetting Ms. Cole or Ms. Ingram, he cannot be found guilty of this theory of prosecution.   Consequently, the jury must acquit based on acts committed by another person.   In the absence of the instruction requested by the defense, there is a substantial risk that the jury may find Mr. Detling guilty for conduct committed by Ms. Cole or Ms. Ingram.   The Court must properly limit the basis for prosecution and the failure to do so may amount to an improper amendment of the indictment.   <u>United States v. Artip</u>, 942 F.2d 1568 (11th Cir. 1991).

Based on the indictment in the instant case, the jury must find that Mr. Detling personally committed the allegations contained therein.   If the jury finds a reason to believe that these acts were committed by others, they must acquit because the indictment does not provide an alternative basis for his culpability.   If the Court is unwilling to give Mr. Detling's requested charge, the defense requests that the Court at least instruct the jury, "Mr. Detling is not charged with conspiracy or aiding and abetting another person.   The indictment charges that Mr. Detling acted alone. The Court has previously instructed you on the elements that the government must prove beyond a reasonable doubt in order for you to find Mr. Detling guilty of wire fraud or aggravated identity theft. You must find that Mr. Detling personally engaged in all of the required elements of the offenses charged in the indictment. If you believe

that anyone else committed an element of the offense instead of Mr. Detling, then you must acquit."

## Conclusion

For the foregoing reasons, Mr. Detling requests that the Court give his theory of the defense charge or in the alternative, instruct the jury as indicated above.

Dated:    This 30th day of October, 2021.

Respectfully Submitted,

*/s/ Suzanne Hashimi*
Suzanne Hashimi
Georgia Bar No. 335616

*/s/ Caitlyn Wade*
Caitlyn Wade
Georgia Bar No. 259114

Attorneys for Chalmer Detling, II

5