IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

### DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE

COMES NOW Defendant, CHALMER DETLING, II, and requests the instructions to the jury attached hereto and numbered 15 through 16.

Dated: This 30th day of October, 2021.

                                              Respectfully submitted,

                                              */s/ Caitlyn Wade*
                                              Caitlyn Wade
                                              Georgia Bar No. 259114

                                              *s/ Suzanne Hashimi*
                                              Suzanne Hashimi
                                              State Bar No. 335616

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Caitlyn_Wade@fd.org
Suzanne_Hashimi@fd.org

## DEFENDANT'S REQUEST TO CHARGE NO. 17

## Impeachment of a Witness Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Eleventh Circuit Pattern Jury Instruction; Basic Instruction 6.1