IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>CHALMER DETLING, II<br>A/K/A CHUCK DETLING | Criminal Action No.<br><br>1:18-CR-309-LMM-LTW-1 |

### United States' Opposition to Chalmer Detling, II's Requests to Charge and Supplemental Requests to Charge

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Alex Sistla and Samir Kaushal, Assistant United States Attorneys for the Northern District of Georgia, files this Opposition to Chalmer Detling, II's Requests to Charge and proposes two additional instructions—deliberate ignorance and aiding and abetting—based on the evidence and Detling's anticipated closing argument.

### A. Detling's "Theory of Defense" Instruction is incorrect as a matter of law and cannot be included.

Detling's proposed theory of defense should not be included in the jury instructions. First, Detling has provided no legal authority to support the incorrect legal theory underpinning his "theory of defense." No matter how many words he puts on paper or says in court, he has yet to provide any legal authority—from this Court or any other district court, any Court of Appeal, the Supreme Court, or any applicable

statute—for the proposition that the government must exclude Mackenzie Cole, Aimie Ingram, and everyone else in the world from being involved in the charged scheme for the jury to convict Detling. He identifies no authority because there is none. Whether other individuals could also be guilty of a substantive offense does not negate Detling's culpability.

Although there were numerous hypotheticals that the Court has already discussed with defense counsel to reveal the flaws in their novel and incorrect understanding of criminal law, aiding and abetting law straightforwardly shows how Detling is wrong: "An individual . . . may be indicted as a principal for the commission of a substantive crime and convicted upon evidence that he or she aided and abetted only." *United States v. Walser*, 3 F.3d 380, 388 (11th Cir. 1993). This is because "Title 18 U.S.C. § 2 . . . does not establish a separate crime." *Id.* As such, "18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." *United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980) (stating that "18 U.S.C. § 2 does not define a crime[, but] simply makes punishable as a principal one who aids or abets the commission of a substantive

2

crime") (internal quotation marks omitted)[1]; *United States v. Tucker*, 402 F. App'x 499, 502 (11th Cir. 2010) ("[U]nder our law, an individual indicted as a principal may be convicted on evidence showing that he aided and abetted the commission of the offense, regardless of whether the indictment included an aiding-and-abetting charge."). Because aiding and abetting is implied in every federal offense, Detling's theory of defense is an improper statement of law.

Second, the notion that the elements of the offenses with which Detling is charged must be proved beyond a reasonable doubt as to him are already included in the jury instructions. *See, e.g.*, *United States v. Argiz*, 805 F. App'x 953, 956 (11th Cir. 2020) (explaining that theory of defense instruction unnecessary where "general theory" was already covered by instructions).

### B. The other proposed instruction is unnecessary, duplicative, confusing, and misleading.

The Court has requested a response from the United States to the following instruction:

> The Court has previously instructed you on the elements that the government must prove beyond a reasonable doubt for you to find Mr. Detling guilty of the crimes charged in the indictment. You

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

> must find that Mr. Detling personally engaged in all of the requested elements of the charged offenses for him to be guilty of those charges.

This instruction is confusing and misleading for at least the following reasons:

- The instruction incorrectly encourages the jury to commingle the elements of the crimes of wire fraud and aggravated identity theft;
- The instruction misstates the law by suggesting that all the charges—wire fraud and aggravated identity theft—are a package for which Detling must collectively be found guilty or not guilty;
- The instruction will confuse the jury through references to "elements," a word that is not in the Court's instructions; and
- The instruction misstates the law by suggesting that Detling would have to personally wire money to be guilty of wire fraud, thereby contradicting the jury instruction for wire fraud. (*See* Court's Proposed Jury Instructions at 9 ("The Government does not have to prove . . . that the Defendant personally made the transmission over the wire.").)

The Court's wire fraud and aggravated identity theft instruction—which come from the Eleventh Circuit's Pattern Jury Instructions—reflect the collective wisdom of the Judicial Counsel of the Eleventh Circuit. Those instructions sufficiently instruct the jury as to the specific facts the jury must find to convict Detling of each count of the indictment. And those instructions make clear that the jury may not convict unless each required element in a charge is proven beyond a reasonable doubt against the defendant.

The current draft of the jury instructions make this clear:

## Wire Fraud

The *Defendant* can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
(1) the *Defendant* knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;
(2) the false pretenses, representations, or promises were about a material fact;
(3) the *Defendant* acted with the intent to defraud; and
(4) the *Defendant* transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

(Court's Proposed Jury Instructions at 7–8 (emphasis added).)

## Aggravated Identity Theft

The *Defendant* can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:
(1) the *Defendant* knowingly transferred, possessed, or used another person's means of identification;
(2) without lawful authority; and
(3) during and in relation to wire fraud.

(*Id.* at 10 (emphasis added).)

### C. Detling is not entitled to a good faith instruction but, if that instruction is issued, the jury should also be instructed on deliberate ignorance.

Detling has not identified any documents or trial testimony that would support issuing a good faith instruction. And at all events, no such instruction is needed here because the good faith instruction is substantially covered by the wire fraud instruction. *See United States v. Fernandez*, 553 F. App'x 927, 936 (11th Cir. 2014). "The requested instruction [is] 'substantially covered by the charge actually given,' *Eckhardt*, 466 F.3d at 947, because the [instructions explain] that the United States ha[s] to prove that [Detling] acted 'knowingly,' . . . and with the 'intent to defraud.'" *Fernandez*, 553 F. App'x at 936. Instructing a jury on specific intent necessarily excludes a finding of good faith. *Id.* (citing *United States v. McNair*, 605 F.3d 1152, 1201 n.65 (11th Cir. 2010)). In other words, the concept of good faith is "substantially included in the instruction that the criminal act must be done 'knowingly' or 'willfully.'" *Fernandez*, 553 F. App'x at 936 (quoting *United States v. Jordan*, 582 F.3d 1239, 1248 (11th Cir. 2009)); *see also United States v. Walker*, 26 F.3d 108, 109–10 (11th Cir. 1994) (holding that an instruction about intent to defraud adequately addressed the defense of good faith).

If the Court does include the good faith instruction, the United States requests that this deliberate ignorance instruction be included as well:

> If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.
>
> "Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant submits applications for or receives funds from litigation advance companies and believes those applications or funds are for litigation advances for which the plaintiff-clients never asked for the funds but deliberately avoids learning that the plaintiff-clients never asked for the funds so he can deny knowledge of the fact that the plaintiff-clients never asked for the funds.
>
> So, in this example, you may find that a defendant knew that the litigation advance applications or funds were never asked for by the plaintiff-clients if you determine beyond a reasonable doubt that the defendant (1) actually knew that the plaintiff-clients had never asked for the funds, or (2) had every reason to know but deliberately closed his eyes. But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew that the plaintiff-clients had not asked for the applications or funds.

*See* Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2020), Special Instruction No. 8. A deliberate ignorance instruction is necessary here to provide appropriate context for the evidence admitted at trial. Among other things, the law firm's bank records, Detling's e-

7

mails with the Mighty Companies, and the testimony of Dr. Golden establish that Detling was aware of the law firm's financial circumstances and how funds were being spent, that Detling made numerous representations to the Mighty Companies about the need for litigation advances for the firm's clients, and that Detling obtained litigation advances from Capital Financing, along with law firm loans.

### D. The United States requests that the aiding and abetting instruction be included in the jury charge.

The United States requests that the Eleventh Circuit Pattern Jury Instruction on aiding and abetting also be included in the jury charge. *See Tucker*, 402 F. App'x at 502; *United States v. Seabrooks*, 839 F.3d 1236, 1233 (11th Cir. 2016); *United States v. Steele*, 733 F. App'x 472, 475 (11th Cir. 2018). The instruction is proper based on the evidence at trial and Detling's anticipated closing argument. The Eleventh Circuit Pattern Jury Instruction states the following:

> It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others. A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime. A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant

8

willfully directs or authorizes the acts of an agent, employee, or other associate. But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Special Instruction No. 7.

Respectfully submitted,

KURT R. ERSKINE
   *Acting United States Attorney*

/s/ ALEX SISTLA
   *Assistant United States Attorney*
   Georgia Bar No. 845602
   Alex.Sistla@usdoj.gov

/s/ SAMIR KAUSHAL
   *Assistant United States Attorney*
   Georgia Bar No. 935285
   Samir.Kaushal@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Caitlyn Wade

        Suzanne Hashimi

        *Counsel for Chalmer Detling, II*

October 31, 2021

        /s/ SAMIR KAUSHAL

        SAMIR KAUSHAL

        *Assistant United States Attorney*