IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*versus*<br><br>CHALMER DETLING, II | Criminal Action No.:<br>1:18-CR-00309-LMM-LTW-1 |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR NEW TRIAL

COMES NOW, the Defendant, Chalmer Detling, II, and hereby replies to the government's response[1] to his Motion for New Trial, pursuant to Rule 33, Federal Rules of Criminal Procedure and shows the Court the following:

## ARGUMENT

### I.  The Court Erroneously Instructed the Jury on Deliberate Ignorance

The court erred in instructing the jury on deliberate ignorance. A deliberate ignorance charge is only proper in "rare" cases.[2] *United States v. Rivera*, 944 F.2d 1563, 1570 (11th Cir. 1991). The charge should be rarely given because of the very

---

[1] The government submitted a response brief that was thirty-five pages in length in violation of the twenty-five page limit laid out in NDGA Local Rule 7.1 (D).

[2] The Eleventh Circuit Pattern Instruction on deliberate ignorance contains an example of this rare factual scenario: a drug courier who is asked to carry a packed suitcase, paid a large fee to do so, and consciously avoids learning whether in fact there are illegal drugs inside by never opening the suitcase. In this context, the courier may not actually know what is inside, but the jury can find that he did act with knowledge because he was highly suspicious of the presence of illicit drugs and deliberately avoided learning the truth by not opening the suitcase.

1

real danger that a jury might find a defendant guilty through evidence of mere negligence, that is, "the defendant *should have known* that the conduct was illegal". *Id.* (Emphasis added). In a criminal trial, the requirement that a defendant have knowledge to be held culpable is an "important safeguard of the law" which is diluted by the use of the deliberate ignorance charge in cases which it "is incongruous with the facts of the case". *Id.* A trial court must tread cautiously before giving a deliberate ignorance charge and should limit its use to cases where "the facts...support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning of the facts in order to have a defense in the event of a subsequent prosecution". *Id.* (quoting *United States v. Alavarado*, 838 F.2d 311, 314 (9th Cir. 1987). More recently, the Fourth Circuit reiterated the importance of the factual prerequisite to the use of a deliberate ignorance charge to avoid the possibility of a jury finding knowledge based on the lesser standard of "recklessness and negligence". *United States v. Underwood,* 845 Fed. Appx. 239 *242 (4th Cir. 2021).[3]

In order to apply the deliberate ignorance instruction, the evidence must meet a two part test: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of the fact". *Id.* at 242 (quoting *United States v. Oloyede*, 933 F.3d

---

[3] *Underwood* is cited by the government in their response at page 17.

2

302, 316 (4th Cir. 2019). In the instant case, the government requested the deliberate ignorance instruction without presenting the necessary evidence to support it. By giving an instruction on deliberate ignorance, the Court created the very real danger that the jury would find Mr. Detling guilty based on a standard of negligence or recklessness.

The Court exacerbated this danger and further erred when it gave a charge on deliberate ignorance that was incomplete and misstated the law. The Court instructed the jury:

> If a Defendant's knowledge of a fact is an essential part of the crime, it's enough that the Defendant was aware of a high probability that the fact existed-unless the Defendant actually believed the fact didn't exist. But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew the fact.

Doc. 153-11.

This instruction omitted any reference to the second part of the factual predicate for deliberate ignorance: that the defendant must take deliberate action to avoid learning of the fact. *Id.* The instruction told the jury that it was "enough" that "the Defendant was aware of a high probability that the fact existed" in order to find that the government had proven the essential knowledge element beyond a reasonable doubt. *Id.* This is not a correct statement of the law and allowed the jury

to find Mr. Detling guilty under a negligence standard.[4] In 2011, the U.S. Supreme Court rejected a deliberate ignorance instruction that failed to require "active efforts" by the defendant to avoid knowledge about the infringing nature of its activities. *Global-Tech Appliances, Inc. v. Seb S. A.*, 563 U.S. 754, 770 (2011). In doing so, the Court examined the law of conscious avoidance as articulated by nearly every circuit court of appeals and held that the doctrine has two requirements. The Court explained that the requirements that a defendant "subjectively believe that there is a high probability that a fact exists" and that the defendant "take deliberate action to avoid learning of that fact…give willful blindness an appropriately limited scope that surpasses negligence and recklessness." *Id* at 769. As the Supreme Court makes clear, it is error to omit either of these requirements when instructing a jury on deliberate ignorance. The

---

[4] The government's requested deliberate ignorance charge demonstrated their awareness of the need to advise the jury to find not just that the defendant highly suspected crime was afoot but also that he took conscious, deliberate steps to avoid learning about that crime. The government, nevertheless, attempts to minimize the error in the charge by arguing that the Court merely "modified" the instruction "by not providing the jury an example of deliberate ignorance". Doc. 177-25. Here, the Court informed the government and the defense that it would instruct the jury on deliberate ignorance but that it would delete the example offered by the government. However, the Court did not advise the parties that it would jettison the second key fact, that the defendant consciously took deliberate steps to avoid learning about the crime, that the jury had to find before relying on deliberate ignorance to establish knowledge beyond a reasonable doubt.

11th Circuit has not had the opportunity to overrule a deliberate ignorance instruction for failure to cite the law correctly.

In *United States v. Aguilar,* the Ninth Circuit evaluated this exact question. 80 F.3d 329 (9th Cir. 1996). The court pointed out, "The serious defect in the instruction given by the district court in this case is that "high probability of the awareness of the circumstance" was given as an alternative to actual knowledge without the requirement that there be evidence of willful blindness." *Id.* at 332. This erroneous instruction allowed the jury to find the defendant guilty without a finding of knowledge, an essential element of the offense, and thus the error was not harmless. *Id.* at 333. The same is true in the instant case.

The government's request for a deliberate ignorance charge as well as the timing of its request was problematic. The defense requested an instruction on good faith prior to the beginning of trial. Doc. 137-12. However, government did not request an instruction on deliberate ignorance until after the evidence closed and the day before closing arguments. Doc. 152-6. The government's request appeared in its reply to a defense brief in support of its request on a theory of the defense. *Id.* Specifically, the government suggested such a charge would be necessary if the Court charged on good faith "to provide appropriate context for the evidence admitted at trial". *Id.* at 7. An instruction on deliberate ignorance is not a reasonable or proper counter-weight to a good faith instruction. The two concepts are not

rationally related to each other. However, the incomplete and erroneous deliberate ignorance charge given in this case did serve to undermine the good faith defense by suggesting Mr. Detling couldn't be acting in good faith if there was merely a "high probability" that he knew that a crime was being committed. There was no construction of the evidence admitted at trial which supported the factual predicate for deliberate ignorance. Certainly, the government has failed to date to identify it. Instead, the charge only increased the possibility of jury confusion by muddying the good faith defense (which described inadequate knowledge as "a mistake in judgment, an error in management, or carelessness").[5]

The deliberate ignorance charge resulted in harm to Mr. Detling.[6] That harm is apparent in several respects. The Court should not have given the charge at all because the factual predicate was not supported by the evidence. The government did not and has not since pointed to evidence that Mr. Detling "subjectively believe[d] that there is a high probability that a fact exists" *and* that he "[took]

---

[5] The government argues that Mr. Detling cannot complain about the inherent harm of an unsupported deliberate ignorance charge to his good faith defense in its response. There is no basis for such a limitation. Doc. 177-20.

[6] Mr. Detling preserved the totality of his objections to the charge by objecting to the charge before it was given as well as afterwards when the deficiency of the charge became more apparent. Doc. 167 at 10-12; The defense objections after the jury was charged have not been transcribed yet. These objections were sufficient to put the Court on notice of his complaints about it. *See United States v. Sirang,* 70 F3d. 588, 594 (11th Cir. 1995).

deliberate actions to avoid learning of the fact". *See Underwood*, 845 Fed. Appx. at *242. The charge as given is not legally correct because it failed to instruct the jury of the necessary factual predicate which they must find before applying it to the evidence. Consequently, the jury may have reached a verdict based on a finding of negligence or recklessness to satisfy the essential element of knowledge. Additionally, the charge as given rendered the good faith instruction confusing or undermined it altogether. In essence, the charges related to knowledge were internally contradictory. The jury was charged that knowledge was an essential element of wire fraud. Doc. 153-8. The jury was further instructed that "knowingly" as used in the wire fraud instruction meant "an act was done voluntarily and intentionally and not because of a mistake or by accident". Doc. 153-6. However, the jury was also instructed that it was "enough" to find that Mr. Detling acted knowingly if they found he "was aware of a high probability that the fact existed- unless the Defendant actually believed the fact didn't exist". Doc. 153-11. Although the Court admonished the jury that "negligence, carelessness, or foolishness isn't enough", the collective language of the charge actually allowed the jury to find that the government met its burden by simply proving that Mr. Detling should have known that a crime was being committed. While the government cites a number of cases in its response to suggest the error committed here is harmless, it is notable

that it doesn't cite a single case approving of a deliberate ignorance charge that is remotely similar to the one given in the instant case.

By expanding the definition of knowledge to include instances where the defendant should have known, the Court did alter the mens rea requirement as was discussed in both *United States v. Edwards,* 526 F.3d 747, 761 (11th Cir. 2008) and *United States v. Madden*, 733 F.3d 1314, 1317-18 (11th Cir. 2013).[7] In *United States v. Vasquez,* 677 F.3d 685, 696 (5th Cir. 2012), the Court found that the deliberate ignorance charge did not "lesson the government's burden to show, beyond reasonable doubt, that knowledge elements have been satisfied". The charge given in *Vasquez* does not resemble the charge given in the instant case as it correctly instructed on the necessary factual predicate before a deliberate instruction could be used. *Id.* at 696. Because the charge in effect improperly expanded the basis for conviction beyond what was alleged in the indictment, it constituted a constructive amendment.

The government argues that any argument regarding the adequacy of the charge was not adequately preserved by the defense and is therefore subject to plain error review. First, Mr. Detling did preserve his objection to the adequacy of the charge. Second, the standard of review on a motion for new trial is not the same as the standard of review on appeal. "A court should order a new trial 'where

---

[7] The government cites each of these cases in its response. Doc. 177-21.

[its jury] instructions do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury so that [the court is] 'left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations'." *United States v. AseraCare Inc.*, 153 F. Supp. 3d 1372, 1384 (N.D. Ala. 2015) quoting *Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1288 (11th Cir. 1998); *see also Goodgame v. American Cast Iron Pipe Co.*, 75 F.3d 1516, 1521 (11th Cir. 1996) (finding that the proper remedy for erroneous instructions is a new trial); *Johnson v. Bryant*, 671 F.2d 1276, 1280 (11th Cir.1982) (stating that reversal is warranted where "a substantial and ineradicable doubt" exists as to whether the jury was properly guided in its deliberations). As argued above, the deliberate ignorance instruction did not accurately reflect the law. Instead of correctly instructing the jury, the instructions as a whole were contradictory and confusing as to the essential element of knowledge. "It is particularly important that the jury instructions be clear and unambiguous. A defendant is 'entitled to have the case submitted to the jury in a manner which [will] enable the jury to fairly consider his proffered defenses.'" *United States v. Morris*, 20 F.3d 1111, 1117 (11th Cir. 1994) (quoting *United States v. Banks*, 942 F.2d 1576, 1580-1581 (11th Cir. 1991). Mr. Detling specifically relied on a good faith defense that was undercut by confusing and contradictory instructions on the knowledge element.

Even assuming arguendo that plain error analysis applies here, the Court obviously erred by failing to instruct the jury that the evidence must show he "purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution" before the instruction can be applied.[8] *Rivera* at 1570-1571. All of the cases cited by both the defense and the government contain the two-stepped analysis of the facts required to apply deliberate ignorance in determining whether the government has met its burden of proof. The charge was plainly deficient because it was an incorrect statement of the law. "[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." *United States v. Adkinson*, 135 F.3d 1363, 1375 (11th Cir. 1998) (quoting *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir.1989). Mr. Detling is presumed to have been prejudiced because the verdict may have rested exclusively on the legally insufficient ground laid out in the erroneous deliberate ignorance instruction.

The government not only argues that the error alleged here by Mr. Detling did not affect his substantial rights or seriously affect the fairness of the trial, relying on

---

[8] To satisfy the plain error standard, the court must find that: (1) there was error in the district court's determination; (2) the error was plain or obvious; and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. *United States v. Chisholm*, 73 F.3d 304, 307 (11th Cir. 1996).

*United States v. Watson*, 611 Fed. Appx. 647 (11th Cir. 2015), but also that it cannot visualize the possibility that the error could be reversible. Mr. Detling contends that reversible error occurred here when the government made a last minute pitch for the charge to be given where the facts do not support it and the charge given by the Court is legally erroneous, and confuses the jury on a critical point directly related to his defense. The error here clearly resulted in prejudice to Mr. Detling. The instruction that was given allowed the jury to find that the government proved the essential element of knowledge beyond a reasonable doubt based solely on a finding that Mr. Detling "was aware of a high probability that the fact existed."

## II. The Court Erred in Charging the Jury on Aiding and Abetting

Mr. Detling readily acknowledged in his initial brief that the government can generally allege aiding and abetting, pursuant to 18 U.S.C. §2, or the government can generally pursue a theory of the prosecution based on aiding and abetting without expressly charging §2 in the indictment. Doc. 170-14. The question posed here is whether the government can seek to have a jury instructed on aiding and abetting where the indictment provides no notice that it alleges Mr. Detling aided or abetted anyone, i.e. Cole or Ingram, after the evidence has closed and hours before closing arguments.

Once the government alleged in the indictment that Mr. Detling committed the offenses acting alone, it was error for the court to release the government from

proving that allegation beyond a reasonable doubt after the close of the evidence. In fact, the government can be required to prove allegations in an indictment even when those allegations do not reflect the required elements in the statute. *See United States v. Sanders,* 966 F.3d 397 (5th Cir. 2020). Just as the government in *Sanders* could have charged the offense in a manner that mirrored the statute, it didn't; the government here could have pursued an aiding and abetting theory when it sought an indictment against Mr. Detling. Instead, they chose to ambush the defense by seeking an instruction on aiding and abetting when it was too late for the defense to fully explore the implications of Cole and Ingram's roles in the fraud and present its case with all of the benefits of that exploration.

No case in the Eleventh Circuit (or Supreme Court) has approved the use of an aiding and abetting jury charge in a case with the unique facts presented in the instant case. However, the Ninth Circuit has addressed a strikingly similar set of circumstances in *Smith v. Lopez*. 731 F.3d 859 (9th Cir. 2013). The court found that a last minute jury instruction on aiding and abetting infringed on the defendant's fundamental right to notice of the nature of the charges against him. *Id.* at 871.[9]

> In sum, the prosecution tried its case on one theory—that Smith directly perpetrated his wife's murder. The prosecution presented no evidence in support of aiding-and-abetting liability, and its opening statements

---

[9] Reversed on the basis that there was no clearly established Supreme Court precedent to support habeas relief. However, *Smith v. Lopez* still accurately examines relevant Ninth Circuit precedent.

>and case-in-chief seemed to firmly preclude the possibility that an unidentified person killed [the victim].

*Id.* The fact that the defense pointed to an alternate suspect did not necessarily invoke the question of aiding and abetting. *Id.* at 870. More importantly, this defense did not indicate that the defendant was aware that the *prosecution* was pursuing an aiding or abetting theory. *Id.* The trial court's jury instruction on aiding and abetting amounted to an "ambush" that deprived him of his fundamental right to be advised of the charges against him and to prepare defense.

The government, which points to *United States v. Thomas,* 631 Fed. Appx. 847 (11th Cir. 2015) as an example of a similar Eleventh Circuit case, misconstrues Mr. Detling's argument that *Thomas* is not instructive because it was not presented with the same question posed here: whether the defense was unfairly surprised by the government's request to charge aiding and abetting after the evidence was closed and the parties were about to give their closing arguments. It is not just that the facts in the present case and *Thomas* are factually distinguishable, rather the issue presented by those facts is different than the issue presented here. The government's request for the aiding and abetting instruction is a clear concession that Cole and Ingram may have been aided and abetted in the fraud. The government has consistently tiptoed around and avoided this concession in closing argument. Otherwise the government would necessarily have to argue that Mr. Detling could be found guilty as an aider and abetter (to Cole and Ingram) while also arguing that

the jury should rely on the credibility of Cole and Ingram as government witnesses who perjured themselves during their testimony at trial.

The government argues that Mr. Detling should not be permitted to assert the prejudice to the defense that he did not have the opportunity to fully cross examine these witnesses because of the government's late notice of the adding and abetting jury charge. Doc. 177-31. It is disingenuous for the government to excuse its lack of notice as no surprise to the defense because the defense was aware that Cole and Ingram would testify as witnesses. No trial lawyer can seriously suggest that calling these witnesses as innocent bystanders and then admitting that they are co-wrong doers would not constitute a surprise or that the nature of the cross examination wouldn't be dramatically different in the latter situation. Clearly, Mr. Detling at a minimum would challenge the veracity of their testimony based on the government's last minute concession that they may have been involved in the fraud. Furthermore, he would have used the concession to establish that they could have been charged and the prison sentences they might have faced if they had been charged as aiders and abetters. Consequently, the defense did not waive the right to show how it was harmed by the government's last minute request for the charge. Allowing the government to surprise the defense with a new theory of prosecution as the parties were poised to give closing arguments constitutes trial by ambush and is fundamentally unfair and contrary to basic due process.

## Conclusion

For the foregoing reasons, Mr. Detling asks that the Court grant his motion to vacate his conviction and grant a new trial.

Dated: This 18th day of January, 2022.

                Respectfully Submitted,

                */s/ Suzanne Hashimi*
                Suzanne Hashimi
                Georgia Bar No. 335616

                */s/ Caitlyn Wade*
                Caitlyn Wade
                Georgia Bar No. 259114

                Attorneys for Chalmer Detling, II