IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:18-cr-00309-LMM-LTW |
| CHALMER DETLING, II A/K/A CHUCK DETLING | |

## Government's Response in Opposition to Motion for Appeal Bond

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Alex Sistla, Assistant United States Attorney for the Northern District of Georgia, files this response in opposition to Defendant Chalmer Detling, II's Motion for Appeal Bond (R. 194). For the reasons below, the Could should deny Detling's motion.

### Background

On November 1, 2021, a jury convicted Detling of four counts of wire fraud, in violation of 18 U.S.C. § 1343, and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. (R. 154, Jury Verdict.) Following the jury's verdicts, the government requested that the Court remand him into custody concerned that he posed flight risk given he faced a lengthy custodial sentence. *See* 18 U.S.C. § 3143(a)(1). The Court denied the government's request, but imposed more stringent bond conditions pending sentencing, including that Detling "shall be restricted to his residence as directed by the pretrial services office or

1

supervising officer." (R. 155, Order.) The Court also required that Detling be placed on location monitoring. (*Id.*)

Detling subsequently moved for a new trial under Federal Rule of Criminal Procedure 33. (R. 170, Detling Mot. for New Trial.) He claimed the Court erred by instructing the jury on deliberate ignorance and aiding and abetting. (*Id.* at 7–16.) On January 4, 2022, the government filed its opposition. (R. 177, Govt. Opp. to Mot. for New Trial.) The government's opposition explained that the Court did not err by giving either instruction, but "even if one or both instructions were erroneous, any such errors were harmless, and Detling cannot demonstrate that it is in the 'interest of justice' to grant a new trial given the overwhelming evidence that supported the jury's verdicts." (*Id.* at 14.) On February 4, 2022, in a detailed written order, the Court denied Detling's motion. (R. 181, Order Denying Mot. for New Trial.) The Court explained that the trial evidence supported both the deliberate ignorance or aiding and abetting instructions (*id.* at 3-5), but even if one or both instructions were improper it was harmless error. (*Id.* at 8-18.) The Court also observed that with respect to the precise wording of the deliberate ignorance instruction Detling never objected (*id.*at 9) and thus any claimed error would be subject to plain error review. (*Id.* at 9-10.)

On February 10, 2022, the Court sentenced Detling to 70 months' imprisonment. (R. 183, Judgment and Conviction.) The Court also

ordered Detling to pay $254,837.39 in restitution, to be paid in full immediately. (*Id.*)[1] Following sentencing, the government renewed its request to have Detling remanded into custody,[2] but it was again denied by the Court—mainly based on representations from his wife regarding the assistance he provided with childcare, in particular with a then-upcoming medical appointment for one of his children.

On February 25, 2022, Detling filed a timely notice of appeal. (R. 186.) The United States Marshals Service has yet to provide a report date for Detling, but he has now filed a motion for an appeal bond. Detling argues that an appeal bond is appropriate because the Court's alleged errors in instructing the jury on deliberate ignorance and aiding and abetting raise "substantial questions of law" that are "likely to result in reversal." (R. 194, Mot. for Appeal Bond at 4-5.) The government now files its response in opposition.

## Argument

Under the Bail Reform Act of 1984, a convicted defendant shall be detained while his appeal is pending unless a court finds:

(A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

---

[1] Restitution was payable as follows: $185,837.89 to the Mighty Group, Inc and $69,000.00 to Capital Financing.

[2] The government's request was based on its continued concern that Detling posed a flight risk, especially now that he faced a 70-month sentence. Moreover, Detling—while having no obligation to do so—elected to make a statement at sentencing during which he failed to accept any responsibility for his actions, let alone show even a modicum of contrition.

  community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

   (i) reversal,

   (ii) an order for a new trial,

   (iii) a sentence that does not include a term of imprisonment, or

   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal

18 U.S.C. § 3143(b)(1). The Eleventh Circuit has explained that the Congress "did not intend for the 1984 Bail Reform Act to eliminate bail pending appeal, [but] it did intend to limit its availability." *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985). In particular, "Congress intended to reverse the presumption in favor of bail that existed under the prior statute, the Bail Reform Act of 1966." *Id*. Under the 1966 Act, a defendant was entitled to bail even after conviction unless "the court or judge has reason to believe that no one or more conditions of relief will reasonably assure that the person will not flee or pose a danger to any other person or any other community" or "it appears that an appeal is frivolous or taken for delay." *Id*. Importantly, the 1984 Act changed the presumption so that "the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption." *Id*. at 901 (citing legislative history).

Under *Giancola*, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." 754 F.2d at 901; *see also, e.g.*, *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990). The "likely to result in reversal" language in § 3143 must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. *Id.* at 900 (citation omitted). "A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." *Id.* A court may find that reversal or a new trial is "likely" only if it concludes that the question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.*

The burden is thus on Detling to show: (i) by clear and convincing evidence that he is not likely to flee or pose danger to the safety of the community; (ii) that his appeal is not for purpose of delay; and (iii) the appeal raises a substantial question of law or fact that is likely to result in reversal or an order for a new trial. Although the government agrees that Detling is not appealing to delay his report date, the Court should deny his motion because Detling continues to pose a risk of flight given his substantial sentence and restitution obligations, but regardless he cannot demonstrate that any of the issues raised in his motion raise a

5

substantial issue of law likely to result in his convictions being vacated or a new trial. Indeed, Detling's motion is mainly a retread of his motion for a new trial, in which he continues to ignore relevant Eleventh Circuit precedent with respect to purportedly erroneous jury instructions.

### A. There is no substantial question that the Court did not err by instructing the jury on deliberate ignorance and doing so did not constructively amend the indictment.

Although not entirely clear, Detling does not appear to raise as a ground for his release the Court's decision to give the deliberate ignorance instruction. This is with good reason. As the Court concluded in denying his motion for a new trial, "[t]he argument that the deliberate-ignorance instruction was unsupported by the evidence is without merit [and Detling] himself argued during the charge conference that the evidence was sufficient to enable the jury to conclude that he applied for the litigation advances because his colleagues . . . had indicated to him that the clients had authorized him to do so . . . ." (R. 181, Order Denying Mot. for New Trial at 4 (transcript citations omitted).); *see also United States v. Rivera*, 944 F.2d 1563, 1572 n.39 (11th Cir. 1991) (noting that the district court's decision to instruct (albeit improperly) on deliberate ignorance may have been influenced by the defendants' arguments and may be proper if a defendant establishes such facts underlying the instruction).

Rather, Detling's arguments seem to focus on the precise wording of the instruction and whether how it was worded resulted in a constructive amendment of the indictment. (R. 194, **Mot. for Appeal Bond** at 6-13.)

Instructing the jury on deliberate ignorance did not "constructively amend" the indictment.[3] As the government previously explained:

> Instructing a jury how the government may prove that a defendant had the requisite knowledge does not broaden the possible bases of conviction. As shown in the jury instructions, the jury was still required to find each element of wire fraud and aggravated identity theft beyond a reasonable doubt, including that Detling acted knowingly. (R. 153, Detling Final Jury Instructions at 8–9 (wire fraud); 11 (aggravated identity theft)). *Compare United States v. Edwards*, 526 F.3d 747, 761 (11th Cir. 2008) ("As the jury instructions did not alter the *mens rea* element of the wire fraud offense, a constructive amendment did not occur.") *with United States v. Madden*, 733 F.3d 1314, 1317–18 (11th Cir. 2013) (indictment was constructively amended when jury instructed that it could convict a defendant if it found he carried a firearm "during and in relation to a drug trafficking offense," when the indictment charged the defendant only with possessing a firearm "*in furtherance of* . . . a drug trafficking crime" and using and carrying a firearm "during and in relation to a crime of violence") (emphasis added).[4]

---

[3] "A constructive 'amendment occurs when the essential elements of the offense are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'" *United States v. Edwards*, 526 F.3d 747, 760 (11th Cir. 2008) (quoting *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990)) (alterations omitted).

[4] *See also, e.g., United States v. Vasquez*, 677 F.3d 685, 696 (5th Cir. 2012) ("The deliberate ignorance instruction does not lessen the government's

(R. 177, **Govt. Opp. to Mot. for New Trial at 21.**)

Detling has cited no authority that the instruction here
constructively amended the indictment in an impermissible manner.
This is not surprising because the Eleventh Circuit has routinely
affirmed convictions where there was only evidence of actual knowledge
and no deliberate ignorance instruction should've been given. *See, e.g.*,
*United States v. Fernandez*, 553 F. App'x 927, 937 (11th Cir. 2014)
("But the absence or presence of evidence of deliberate ignorance 'does
not matter' when 'the jury could have convicted on an alternative,
sufficiently supported theory of actual knowledge.") (quoting *United
States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006)); *Rivera*, 944 F.2d
at 1572 ("Although the district court erred in giving a deliberate
ignorance instruction, we conclude that the error was harmless beyond
a reasonable doubt. Under the facts of this case, the jury could only find
either that the defendants had actual or no knowledge of the cocaine in
their suitcases; there is no evidence suggesting a middle ground of
conscious avoidance."). Nor has Detling identified any cases where even
an improperly worded (assuming it was) deliberate ignorance
instruction results in a constructive amendment such that the jury
could have convicted Detling because he acted recklessly or negligently
(or with some lesser *mens rea*). *Cf. Rivera*, 944 F.2d at 1570 ("To act

---

burden to show, beyond a reasonable doubt, that the knowledge elements of
the crimes have been satisfied.") (quotation marks omitted).

'knowingly,' therefore, is not necessarily to act only with positive knowledge, but also to act with an awareness of the high probability of the existence of the fact in question.") (quoting *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (*en banc*)). Indeed, the jury instructions here emphasized that the government could not satisfy its burden by showing Detling acted negligently or carelessly. (R. 153, Jury Instructions at 11 ("But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that [Detling] knew the fact.")).

## B. Even if the Court's deliberate instruction was erroneously worded, there is no substantial question that it does not amount to plain error.

Detling contends that a "substantial question" exists because the deliberate ignorance instruction did not fully track the pattern instruction. Specifically, the Court's instruction omitted the following from its instruction:

> "Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

> So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed [his] [her] eyes.

9

11th Cir. Pattern Jury Instrs. (Crim. Cases) (2021), Special Instr. No. S8; *see also* R. 181, **Order Denying Mot. for New Trial at 10.** As a result of omitting the reference to "deliberate avoidance of positive knowledge," Detling contends that the Court improperly instructed the jury on deliberate ignorance. (R. 194, Mot. for Appeal Bond at 6-7.) This omission he claims raises a "substantial question" because the jury may have been improperly instructed on knowledge and thus wrongly convicted him for "simply being 'aware of a high [probability] that the fact existed." (*Id.* at 8-9.) Detling's argument is meritless.

Detling—contrary to his assertion in the present motion—never objected to the wording of the deliberate ignorance instruction. (*Id.* at 11-12.) As detailed in the government's opposition to his motion for new trial, Detling *only* objected to the Court's decision to give the deliberate ignorance instruction. ((R. 177, Govt. Opp. to Mot. for New Trial at 11-13; 24). And the Court agreed. (R. 181, Order Denying Mot. for New Trial at 8-9.) In fact, Detling was given several opportunities to object to wording of the Court's instruction but failed to do so. (*Id.* at n.4 ("[A]t trial, the Court specifically asked the parties whether they opposed the modification; the Government explained that it agreed, and Defendant did not object to the modification.").)

Detling disingenuously argues that counsel's statement: "It's essentially a portion of the pattern deliberate ignorance charge" placed the Court on notice that he objected to the *actual language* of the

instruction. (R. 194, Mot. for Appeal Bond at 11-12 & n.3 (citing R. 167, Tr. at 10-11).) He conveniently ignores that his counsel's objection was whether the Court should provide the deliberate ignorance instruction at all.[5] Indeed, after the quoted line above, the Court and Detling's counsel continued to have a dialogue as to whether the deliberate ignorance instruction was even appropriate. (R. 167, Tr. at 11:11-12:16.)

The Eleventh Circuit could not be clearer on this point. Federal Rule of Criminal Procedure 30(d) requires a party to "inform the court of the specific objection and ground for objection before the jury retires to deliberate." *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020) (noting that plain error applies to any unpreserved objections to jury instructions). It is not enough that a defendant generally objects to a particular instruction. *See United States v. Schlei*, 122 F.3d 944, 974 (11th Cir. 1997) ("Although Schlei objected to the deliberate ignorance instruction at trial, he did not raise this specific contention before the district court. 'In order to preserve an objection to jury instructions for

---

[5] *See* R. 167, Tr. 10:22-11:5 (Counsel: Yes, Judge. I don't think that that is appropriate here because a deliberate ignorance instruction *even in part* would only be appropriate if there was actual evidence that Mr. Detling had in some way attempted not to know information in this case. And I don't think there's been any sort of evidence that the government's presented or that we've argued that he was trying to, you know, willfully try not to find out information that would have been important in the case.") (emphasis added). No fair reading of this statement could be understood that Detling was objecting to the language the Court *was actually proposing*.

11

appellate review, a party must object before the jury retires, stating distinctly the specific grounds for the objection.'") (quoting *United States v. Starke*, 62 F.3d 1374, 1380-81 (11th Cir.1995)); *see also United States v. Puche*, 350 F.3d 1137, 1148 n. 5 (11th Cir. 2003) (noting that because defendants objected to the deliberate-ignorance instruction on different grounds on appeal, the plain-error standard of review applied); *United States v. Sirang*, 70 F.3d 588, 594 (11th Cir. 1994) (holding the objection must be specific enough to give a court an opportunity to correct errors before the case goes to the jury).[6]

Because Detling failed to specifically object to the phrasing of the Court's deliberate ignorance instruction, his claim would be reviewed for plain error on appeal. *See, e.g., Iriele*, 977 F.3d at 1177. There is no substantial question that Detling would not prevail on plain error review.

---

[6] Citing *United States v. Davis*, 875 F.3d 592 (11th Cir. 2017), Detling argues that the Eleventh Circuit "does not require a defendant raising an issue in the district court to cite every decision that could support their position on that appeal if it arises on appeal." (R. 194, Mot. for Appeal Bond at 12.) *Davis* is of no help to Detling. First, it is not a Rule 30 case. Second, the issue in *Davis* was whether the defendant forfeited an issue by not specifically citing a relevant case in challenging whether one of his convictions qualified as a predicate offense under the Armed Career Criminal Act. The Eleventh Circuit noted that it has never required litigants to cite particular cases to preserve an issue for appeal so long as they have "sufficiently raised an issue for the district court's consideration." *Davis*, 875 F.3d at 601 & n. 2 (citations omitted).

To satisfy plain error,[7] Detling must show "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Xavier*, 735 F. App'x 656, 659 (11th Cir. 2018) (citing *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013)).[8] Although the Court modified the pattern instruction by not providing the jury an example of deliberate ignorance, the instruction, when coupled with the remaining jury instructions, properly instructed the jury as to the elements it had to find with respect to wire fraud and aggravated identity theft. Importantly, the jury was instructed that the government must prove every fact beyond a reasonable doubt, and they could not find Detling guilty merely because of "negligence, carelessness, or foolishness." (R. 153, Jury Instructions at 8, 11); *see, e.g., United States v. Jefferies*, 378 F. App'x 961, 963 (11th Cir. 2010) ("We examine jury instructions to determine if, taken as a whole, the jury was sufficiently instructed to understand the issues and was not misled.") (citing *United States v. Fulford*, 267

---

[7] The plain error discussion is taken in substantial part from the government's response in opposition to Detling's motion for a new trial. (R. 177 at 25-28.)

[8] As a formal matter, a party must establish the first three elements of plain error, before a court "may . . . exercise its discretion to notice a forfeited error, but only if [ ] the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

F.3d 1241, 1245 (11th Cir. 2001)).[9] And it is well-settled that the jury is presumed to follow the instructions. United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) (citation omitted). But even if there was error here, it was not plain. Detling has identified no authority that the modified instruction—either taken alone or read as part of the jury instructions as a whole—would be obvious error.[10]

---

[9] Indeed, there could be little doubt that the government's burden was proof beyond a reasonable doubt. Detling stressed that point in his closing argument, mentioning the government's burden or "reasonable doubt" at least a dozen times in his closing argument. (R. 165, Closing Arg. Tr. at 27, 28, 29, 30, 36, 54, 55.) For its part, the government noted its burden prove Detling's guilt beyond a reasonable doubt at least four times. (*Id.* at 2, 3, 27, 56.)

[10] Detling argues that "[e]ven if the . . . jurors read and understood each instruction separately, the deliberate ignorance instruction that was given still constitutes reversible error." (R. 194, Def. Mot. for Appeal Bond at 9.) He claims this is because "'a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those is insufficient, because the verdict may have rested exclusively on the insufficient ground." (*Id.* at 9-10 (citing *United States v. Adkinson*, 135 F.3d 1363, 1375 (11th Cir. 1998) (quoting *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir. 1989)).) Detling never explains which independent grounds he has in mind. Nor does he mention that neither *Adkinson* nor *Elkins* have anything to do with deliberate ignorance. But regardless his reliance on these cases is misplaced. The "general verdict" language quoted above originates from the Supreme Court's decision in *Stromberg v. California*, 283 U.S. 359 (1931). *See, e.g., Martin v. United States*, 852 F. App'x 485, 489 (11th Cir. 2021). In *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), the Eleventh Circuit held that any so-called *Stromberg* error is subject to harmless error review. *Id.* at 1294 (citing *Hedgpeth v. Pulido*,555 U.S. 57, 58, 62 (2008)); *see also Marin*, 852 F. App'x at 489. Accordingly, even if Detling was correct that an erroneous deliberate ignorance instruction constitutes "an insufficient ground" on which the jury could have based its verdict, that—standing alone—doesn't constitute reversible error.

Nor can Detling demonstrate that any error with the instruction—
assuming there was some error—affected his substantial rights or
seriously affected the fairness or integrity of his trial. For example, in
*United States v. Watson*, 611 F. App'x 647 (11th Cir. 2015), the court of
appeals held that even if the district court plainly erred in providing a
deliberate ignorance instruction, the defendant could not "demonstrate
that the error affected his 'substantial rights' [because] [i]n the
'ordinary case,' an error impacts a defendant's substantial rights when
that error "affected the outcome of the district court proceedings." *Id*. at
662-663 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). In
*Watson*, [a]ny error from the [deliberate ignorance] instruction had no
effect on the proceedings because the evidence at trial supported a
finding that [the defendant] actually knew that his passengers could
not legally enter the United States." 611 F. App'x at 663; *see also
Starke*, 62 F.3d at 1381. Likewise, here, the evidence at trial
demonstrated that Detling knew his victim-clients neither applied for
nor authorized Detling to obtain litigation advances on their behalf. As
such, whether the Court plainly erred by instructing the jury on
deliberate ignorance was inconsequential and had no effect on the
outcome of Detling's trial.

Detling's motion places a great deal of emphasis on the Supreme
Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 564 U.S.
745 (2011), to support his argument that his complaints about the

Court's deliberate ignorance instruction raises a "substantial question" meriting an appeal bond. (R. 194, Def. Mot. for Appeal Bond at 6-8.) On the contrary, *Global-Tech* undermines his arguments.

In *Global-Tech*, the Court considered whether the Federal Circuit's willful blindness (or deliberate ignorance) instruction was proper. 564 U.S. at 769. The Court held that it was flawed because it "permi[tted] a finding of knowledge when there is merely a 'known risk' that the induced acts are infringing [and] . . . in demanding only 'deliberate indifference' to that risk, the . . . test [did] not require active efforts by [a defendant] to avoid knowing about the infringing nature of the activities." *Id.* In other words, the instructions being reviewed in *Global-Tech* suffered, at least in part, from the same infirmity that Detling alleges was present here—that the jury was not sufficiently instructed that the defendant needed to take "active steps" to avoid learning about a relevant fact. But importantly, the *Global-Tech* court *did not remand for a new trial*, but rather it concluded:

> In spite of these flaws, we believe that the evidence when viewed in the light most favorable to the verdict for SEB is sufficient under the correct standard. The jury could have easily found that before April 1998 [the defendant] willfully blinded itself to the infringing nature of the sales it encouraged Sunbeam to make.
>
> *   *   *
>
> Taken together, this evidence was more than sufficient for a jury to find that [the defendant] subjectively believed there was a high probability that SEB's fryer was patented, that

16

> [the defendant] took deliberate steps to avoid knowing that
> fact, and that it therefore willfully blinded itself to the
> infringing nature of Sunbeam's sales.

563 U.S. at 770-71 (footnote omitted).

In other words, despite the erroneous jury instructions, the Supreme Court considered whether the evidence was sufficient to establish willful blindness as a matter of law. Importantly, "the record contained no direct evidence that [the defendant] knew" of the relevant fact. *Id.* at 759. And thus, the plaintiff never argued that the defendant had actual knowledge of the unlawful activity.

If the Supreme Court did not remand *Global-Tech* for a new trial where there was both an incorrect deliberate ignorance instruction and no evidence of actual knowledge, it is difficult to imagine how Detling could show that any error here seriously affected the fairness or integrity of his trial. This is especially so given that the Eleventh Circuit has repeatedly held that even where the deliberate ignorance instruction was improperly given, *i.e.*, where no evidence supports it being given to the jury, such an error is harmless where there is "sufficient evidence to support the actual-knowledge theory" *Ahrens*, 782 F. App'x at 849; Fernandez, 553 F. App'x at 937. Such is the case here, where the government presented overwhelming evidence from which the jury could have concluded that Detling had "actual knowledge" of the fraud scheme.

In short, Detling has not presented a substantial question as to the allegedly erroneous deliberate ignorance instruction because even if

17

there was error, it was not plainly so meriting reversal of his convictions.

### C. There is no substantial question that the Court did not err by instructing the jury on aiding and abetting.

Detling argues that the Court erred by instructing the jury on aiding and abetting because he did not have sufficient notice as to that theory of liability. (R. 194, Def. Mot. for Appeal Bond at 13-15.) As this Court previously concluded, Detling was not "unfairly surprised" by the government's request for an aiding and abetting instruction. (R. 181, Order Denying Mot. for New Trial at 7.) And in his motion, Detling offers nothing in response to the Court's decision aside from an out-of-circuit habeas case. (*Id.* at 13-15 (citing *Smith v. Lopez*, 731 F.3d 859 (9th Cir. 2013).) Detling also complains that the Court erred by reviewing his post-trial objections to the aiding and abetting instruction for plain error. (*Id.* at 15.) Because it is well-settled that aiding and abetting is implied in every indictment, and that any error in giving such an instruction is subject to harmless error review, Detling has not raised a substantial question regardless of whether he properly preserved his objections to the instruction.[11]

---

[11] The discussion below borrows substantially from the government's response in opposition to Detling's motion for a new trial. (R. 177, Govt. Opp. to Mot. for New Trial at 28-33.)

*First*, aiding and abetting is a theory of criminal liability embedded in every count charged in an indictment and therefore raises no notice or constructive amendment issue. *See, e.g.*, *United States v. Philpot*, 773 F. App'x 583, 590 (11th Cir. 2019) (citations omitted). As such, "18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." *United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980) (stating that "18 U.S.C. § 2 does not define a crime[, but] simply makes punishable as a principal one who aids or abets the commission of a substantive crime") (internal quotation marks omitted).[12]

*Second*, the evidence at trial supported inclusion of the instruction. At trial, evidence and testimony was presented that: (i) Aimie Ingram and Mackenzie Cole had access to the SunTrust Bank x0526 account; (ii) this bank account was used as part of the fraud; (iii) Cole had been given the title of "partner" by Detling; (iv) Detling did not personally interact with every victim-client; and (v) Cole and other lawyers at Detling's law firm were involved in representing some of the victim-clients. The evidence and testimony—including emails between Mighty and Detling and testimony from Golden, Caballero, Schwadron, and

---

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

19

Brammer—also showed that Detling was solely responsible for
interfacing with the financing companies. Ingram and Cole both
testified on direct that they were not involved in the criminal scheme.
And on cross-examination, Detling challenged their veracity. (See R.
170, Mot. for New Trial at 11.) The jury was left to evaluate the
witnesses' veracity, which Detling attacked voraciously in closing. (E.g.,
R. 165, Closing Arg. Tr. at 42:7–18, 44:2–3, 45:13–14, 46:9–47:2, 48:13–
49:2.) Indeed, Detling's own defense (as described in his motion for new
trial)—"that he relied in good faith upon the managing partner,
Mackenzie Cole, and the office manager, Aimie Ingram, . . . regarding
the desire of clients to obtain litigation advances" (R. 170, Mot. for New
Trial at 11)—essentially conceded evidence of aiding and abetting
liability, leaving only intent unproven. As such, there was some
evidence and a view of the facts that the jury could reach—largely
pushed by the defense—that Detling possibly worked with others to
commit the fraud scheme. Although the government did not ultimately
opt to do so, it would have been free to argue to the jury in closing (or
on rebuttal) that even if Ingram and Cole were involved in the crimes,
Detling could still be found guilty as a principal or under an aiding and
abetting theory if the evidence supported that conclusion.

   *Third*, this case is neither unique nor novel. In *United States v.
Thomas*, 631 F. App'x 847 (11th Cir. 2015), the Eleventh Circuit found
no issue with an aiding and abetting instruction with a similar defense

from the defendant. There, the defendant's main defense was that "his wife committed the[] crimes." *Id*. at 851. That defense "coupled with the evidence presented at trial—that [the wife] worked where he did, that it was possible that she could have logged in remotely if she knew [the defendant's] passwords, that she was a signatory on each of the three bank accounts which received the stolen funds, and that she had a total of $17,000 in checks written out to her personally from these accounts—supported the aiding and abetting instruction." *Id*. The same reasoning applies here as similar arguments were made by Detling to blame Ingram and Cole for the charged crimes.

*Fourth*, Detling's claim of prejudice and surprise is unsupported. To start, there is no doubt that both parties knew long before trial that Cole and Ingram would be key witnesses so there was no surprise in terms of witnesses. Detling has never provided a specific example of prejudice regarding any witnesses. He has at best vaguely claimed that the cross-examinations of Cole and Ingram "would have been quite different" (R. 170, Def. Mot. for New Trial at 13), but he has never provided a single theoretical, practical, or legal reason why his tactics would have changed. And with good reason—his strategy would have been no different; he would have still attacked Cole and Ingram to make it appear as if he was not involved, just as he did during trial. But regardless, Detling had all the notice he required, as the black

21

letter law makes plain that aiding and abetting liability is implicit in any charged count. *See Walker*, 621 F.2d at 166.

*Smith* does not help Detling's "notice" argument because its reasoning was gutted by the Supreme Court. In *Smith*, the Ninth Circuit granted habeas relief under 28 U.S.C. § 2254 to a convicted state murderer where the prosecutor requested an aiding and abetting "jury instruction just before closing argument and without any prior indication that it was pursuing an aiding-and-abetting theory." 731 F.3d at 868. The court reasoned that "the prosecution ambushed Smith and denied him a meaningful opportunity to prepare his defense" in violation of his constitutional right to notice. *Id.* The Supreme Court reversed. *Lopez v. Smith*, 574 U.S. 1. "Assuming . . . that a defendant is entitled to notice of the possibility of conviction on an aiding-and-abetting theory," the Supreme Court explained that none of its cases clearly established "that a defendant, once adequately apprised of such a possibility, can nevertheless be deprived of adequate notice by a prosecutorial decision to focus on another theory of liability at trial." *Id.* at 5. Detling does not raise a substantial question where his only authority is an overruled Ninth Circuit case—one that has never been followed by the Eleventh Circuit.[13]

---

[13] *Smith* relied on an earlier Ninth Circuit case, *Sheppard v. Rees*, 909 F.2d 1234 (9th Cir. 1989), in support of its holding that a defendant may be deprived of sufficient notice if a prosecutor proceeds on one theory of liability and then "ambushes" a defendant with a new theory of liability a trial without giving a defendant adequate time to respond. The government could

*Fifth*, not only was the aiding and abetting instruction proper under binding Eleventh Circuit law, but it was necessary based on how Detling argued the evidence—insisting, based on his contrived, incorrect understanding of the law—that the government had to exclude Cole, Ingram, and everyone else in the world from being involved in the charged scheme for the jury to convict Detling. Because the jury instructions were read before closing arguments, it was important for the jury to hear the true and correct law to prevent defense counsel from poisoning the jury with their incorrect assertions during closing.[14]

---

not locate any Eleventh Circuit that has ever cited *Sheppard*. Moreover, *Sheppard*'s analysis is inconsistent with Eleventh Circuit's regarding the application of harmless error review to erroneous jury instructions. *See Czech v. Melvin*, No. 14-c-2012, 2017 U.S. Dist. LEXIS 42981, at *13 & n.6 (N.D. Ill. Mar. 24, 2017). Finally, Detling's citation to *United States v. Keller*, 916 F.2d 628 (11th Cir. 1990), is irrelevant. (R. 194, Def. Mot. for Appeal Bond at 14-15.) *Keller* did not address, let alone have anything to do with whether improperly instructing the jury on aiding and abetting amounts to a constructive amendment.

[14] The government's fears regarding Detling's closing were well founded. During closing, the government had to take the unusual step of objecting twice due to the defense mischaracterizing the jury instructions and returning to a topic that was previously ruled off limits. (R. 165, Closing Arg. Tr. at 32:13–36:2 (Court ultimately referring the jury back to the instructions by stating "I just want to make sure that you understand, and I've said this before, but the law you are to apply is the law that's in the jury instructions. So the lawyers are arguing the law, but the law comes from what . . . I have given you as to the instructions."); id. at 44:13–45:3 (Court instructing defense to "move on" because the issue "was the subject of the Court's [prior] ruling on that particular matter").

**D. Even if the Court erred by providing the deliberate ignorance or aiding and abetting instructions, there is no substantial question that it is not likely to result in Detling's convictions being reversed or vacated because any error was harmless.**

Eleventh Circuit case law is replete with examples in which the court of appeals concluded (or assumed) that a jury had been erroneously instructed on deliberate ignorance yet affirmed a defendant's conviction because doing so was "'harmless error where the jury was also instructed and could have convicted on an alternative, sufficiently supported theory of actual knowledge.'" *United States v. Wentt*, 828 F. App'x 526, 528 (11th Cir. 2020) (quoting *United States v. Steed*, 548 F.3d 961, 977 (11th Cir. 2008)); *see also United States v. Pineda*, 843 F. App'x 174, 181 (11th Cir. 2021) (district court did not err by instructing the jury as to deliberate ignorance even though there was testimony that the defendant acted "with full knowledge of the fraud" and even if the court erred, it was harmless, because "there was sufficient proof that [the defendant] had actual knowledge of the fraud"); *United States v. Fernandez*, 553 F. App'x 927, 937 (11th Cir. 2014) ("But the absence or presence of evidence of deliberate ignorance 'does not matter' when 'the jury could have convicted on an alternative, sufficiently supported theory of actual knowledge.") (quoting *United States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006)).

As the Court observed in its Order denying Detling's motion for new trial, there was "copious of evidence of [Detling's] actual knowledge [to]

support[] the guilty verdict." (R. 181, **Order Denying Mot. for New Trial at 12**; *see also id*. at 11-12 (detailing Detling's actual knowledge of the fraudulent litigation advance scheme); R. 177, **Govt. Opp. to Mot. for New Trial at 2-8, 18-19, 23**.) Thus, even if this Court improperly instructed the jury on deliberate ignorance, given the overwhelming evidence that Detling actually defrauded the financing companies, there isn't a substantial question of law that is likely to result in a new trial or his convictions being vacated. Detling did not identify any case law to the contrary in his motion for a new trial. And his present motion fails to do so as well.

The Eleventh Circuit has held similarly with respect to the jury being improperly instructed on aiding and abetting. *See United States v. Hornaday*, 392 F.3d 1306, 1316 (11th Cir. 2004) (applying harmless error review when jury is improperly instructed on aiding and abetting theory of liability); *United States v. Grimsley*, 808 F. App'x 865, 870 (11th Cir. 2020) (same). Thus, even if the Court improperly instructed the jury on aiding and abetting it does not raise a substantial question of law that is likely to result in Detling receiving a new trial or having his convictions vacated.

\* \* \* \* \*

For the foregoing reasons, Detling's motion should be denied.

25

Respectfully submitted,

KURT R. ERSKINE
   *United States Attorney*


/s/ ALEX SISTLA
   *Assistant United States Attorney*
   Georgia Bar No. 845602
   Alex.Sistla@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Caitlyn Wade
>
> Suzanne Hashimi
>
> *Counsel for Chalmer Detling II*

April 4, 2022

> /s/ ALEX SISTLA
> _____
>
> ALEX SISTA
>
> *Assistant United States Attorney*