

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 0 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA

versus

CHALMER DETLING, II

Criminal Action No.:
1:18-CR-00309-LMM-LTW-1

## EMERGENCY MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED *PRO SE*[1]

COMES NOW, the Defendant, Chalmer Detling, II, and hereby moves, this Court to reconsider its denial of his *Motion for Order of Substitution Allowing Defendant to File Pro Se Motion or in the Alternative to Proceed Pro Se* and shows the Court as follows[2]:

The Court's denial of Mr. Detling's motion places him in an inescapable catch-22. Since he is represented by counsel, Mr. Detling cannot file a "substantive motion" (here, the Motion for Appeal Bond) until he gets permission from this Court to act on his own behalf[3]. But, this Court has clearly stated that it won't grant

---

[1] District courts shall liberally construe pro se filings and may re-characterize a pro se litigant's motion. *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

[2] Mr. Detling reincorporates his *Motion for Order of Substitution Allowing Defendant to File Pro Se Motion or in the Alternative to Proceed Pro Se* and reply in support of that motion. Mr. Detling also incorporates in toto Exhibit "A."

[3] Mr. Detling is currently a represented party and under the rules of this Court he is only allowed to file three types of motions: (1) a motion to proceed *pro se*, (2) a motion for substitution of counsel, and (3) a motion for leave to file under Local Rule 57.1D (3). This Court is *not allowed* to consider any other motion.

him permission to "acts on his own behalf" (i.e. file the motion) until he argues the substance of the motion.

But, the Defendant believes he has found a way around this impasse. In 2015 the 11th Circuit decided the case of *Jackson v. Corr. Corp.*, 606 F. App'x 945, 12 (11th Cir. 2015). In that case, the District Court stated that it was proper for a *pro se* party to attach the substantive motion she wished to file as an exhibit to her motion for leave to file. In rejecting the District Court's refusal to consider Ms. Jacksons's leave to file the Court held:

> The court's unqualified statement that Jackson could not at the same time be represented by counsel and file materials pro se implies an unqualified rule. But the relevant rule actually states that "[a] party represented by counsel may not file any motion, brief, or other paper pro se absent prior leave of court." U.S. Dist. Ct. Rules, S.D. Ga., L.R. 11.3 (emphasis added). The emphasized language is critical here because Jackson's *pro se* supplemental response was not, as the court's order would seem to suggest, a stand-alone filing; it was instead attached to her motion for leave of the court. The court did not explain why it was denying leave in this particular case.[4] Id at 12.

Based on the Court's holding in *Jackson*, Mr. Detling has attached as Exhibit "A" of this motion an original copy of the motion he seeks permission to file. Mr. Detling is merely seeking to cure the deficiencies this Court pointed out when denying his last motion to proceed *pro se.* Even a cursory review of the attached

---

[4] The Court seemingly found the Court's refusal to consider Ms. Jackson's filing an abuse of discretion, although it ultimately ruled the error harmless.

motion will show the Court that there is an appropriate basis for granting Mr.

Detling's leave to file the motion *pro se.*

## Conclusion

For the foregoing reasons, the Defendant asks the Court to:

(1) Reconsider and grant his Motion for Order of Substitution Allowing

Defendant to File Pro Se Motion or in the Alternative to Proceed Pro Se,

(2) Stay Mr. Detling's Report date until Thursday, May 12, 2022 at noon so that

he may file the Motion with the Clerk of Court,

(3) Review Mr. Detling's Motion (pages 1-5 contain a summary of the

argument) and if the Court sees some merit in it, Mr. Detling asks this Court

to further stay his report date until such time as the Court may decide on the

motion,

(4) and any other such relief as this Court deems necessary.

This 10th day of May, 2022.

Chalmer E. Detling II
Defendant, *Pro Se*

# EXHIBIT A

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 0 2022

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

versus

CHALMER DETLING, II

Criminal Action No.:
1:18-CR-00309-LMM-LTW-1

## MOTION FOR APPEAL BOND STAY OF REPORT DATE [1]

COMES NOW, the Defendant, Chalmer Detling, II, and hereby moves, for an appeal bond, pursuant to 18 U.S.C. §3143(b) and shows the Court as follows:

### STATEMENT OF JURISDICTION

The Defendant does not consider this motion to be a "motion for reconsideration" of the Court's denial of his Motion for Bond Pending Appeal [Doc 194] which this Court denied on April 25, 2022 [Doc 210] as this motion raises completely different arguments from that one. Furthermore, the Defendant cannot find any Circuit case law which states that he may not freely bring a second motion for appeal bond alleging a different substantial question. HOWEVER, should this Court characterize this Motion as a "Motion for Reconsideration" then the Defendant can show that this motion meets that standard as well.

---

[1] District courts shall liberally construe pro se filings and may re-characterize a *pro se* litigant's motion. *Castro v. United States,* 540 U.S. 375, 381-83 (2003).

This motion is based on the Court's denial of Mr. Detling's Motion to Dismiss, which was based on a violation of the Speedy Trial Act. That motion hinged on the question of whether or not this Court conducted a hearing on Mr. Detling's Motion to Strike Surplusage. [Doc 29] As will be described more fully below, Mr. Detling could not properly bring this motion until the full transcript of the trial was completed. This happened on April 25th, 2022, the same day the Court issued its denial of Mr. Detling's first motion for bond. The trial transcript was "unavailable" at the time Mr. Detling filed his original Motion for Bond and is therefore considered "new" evidence justifying reconsideration of his Motion for Bond. See *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1377 (11th Cir. 2006) (Evidence is newly discovered if it was previously unknown or unavailable during the original proceeding); *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (Motion for reconsideration proper upon showing of newly discovered evidence).

This Court denied the Motion to Dismiss orally, but did not make any on the record findings of fact, or calculations of excludable time as required by law. See *Zedner v. U.S.*, 547 U.S. 489, 507 2006 (In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days. This, in turn, requires identifying the excluded days.) The Court of Appeals reviews a speedy trial ruling *de novo* when the trial court fails to calculate excluded days. Mr. Detling needed the transcript to show this.

Mr. Detling also needed the full transcript to resolve a conflict between what the Court announced about the Motion to Strike and what the Court's docket and minutes

2

showed. When the Court denied the Motion it stated that "I have basically ruled in your favor on this motion." [Doc 212] 14:4-5. But, the minute entry from that day states that the motion was "GRANTED IN PART and DEFERRED IN PART." [Doc 143] Therefore, Mr. Detling could not bring this motion until he could review the record of the entire trial to see if the Court actually addressed the Motion to Strike later in the trial. If the Court had in fact deferred the decision then that might have impacted the motion.

The evidence that Mr. Detling needed to bring the Motion for Bond was not available when he brought his first motion. He was not dilatory in seeking this evidence and brought this motion as soon as it was appropriate to do so.[2] Therefore reconsideration is appropriate.

## SUMMARY OF ARGUMENT[3]

The success of Mr. Detling's speedy trial claim hinges on whether this Court held a hearing on his Motion to Strike Surplussage. This Court seemingly agreed and based its denial of Mr. Detling's Motion to strike on its recollection that the motion "was discussed" at the pre-trial conference. [Doc 212]12:7. But, the transcript of the pre-trial conference speaks for itself. [Doc 168,169] And that transcript shows that the Court never mentioned the Motion to Strike, never asked about the Motion to Strike, and never ruled on the Motion to Strike.

---

[2] Mr. Detling timely filed his motion for appeal, which triggered the court reporter's duty to prepare the transcript.

The substantial question then is: Did this Court hold a "hearing" on the motion to strike? If it did, then Mr. Detling's speedy trial claim fails. If it did not, then his case must be dismissed.

The fact that the Court never explicitly mentioned the motion at the hearing is by itself enough to raise a substantial question about whether their was an actual hearing on the motion. And the Court of Appeals could easily hold that a minimum requirement for a "hearing" under the Speedy Trial Act is evidence that the trial court actually mentions the motion by name.[4]

The transcript is of course the best evidence of what happened at the hearing, but there is a mountain of other evidence tending to show there was no hearing. For example:

- The minute clerk, whose job it is to accurately record what happened during the pre-trial conference, did not list the Motion to Strike as one of the motions discussed or ruled upon. Though the clerk did explicitly reference at least eleven other motions. [Doc 139, 140]

- The Government never spoke during the argument on the Motion to Dismiss though it was given the opportunity. Given the importance of this one issue, one would expect them to echo the Court's recollection. The Government's silence speaks volumes.

---

As discussed herein, The 11th Circuit has not explicitly addressed this issue. However, the Fifth Circuit has stated that "a hearing occurs whenever the district judge discusses the merits of a motion with counsel." *United States v. Grosz*, 76 F.3d 1318, 1324-25 (5th Cir . 1996). And in the First Circuit it is enough if the Court hears "arguments put forward by the [defendant's] counsel in open court, on the record; questioned him; . . . gave him the opportunity to highlight salient facts; [and] then gave the prosecutor a similar opportunity." *United States v. Staula*, 80 F.3d 596 (1st Cir. 1996).

- A search of the transcript shows that the Court never said the words or phrases "Motion to Strike", "Inflammatory", "Surplussage", "Document 29" "Rule 7", "Rule 7(d)", "Remove", "Delete", or even the words "Struck" or Strike.[5] In short, there is no indication that the Court was ever even considering the Motion to Strike.

- The Court never explicitly ruled on the Motion to Strike. Ruling on a motion during a hearing is pretty good evidence that the motion was discussed. And if it wasn't, then an oral ruling will certainly prompt the parties to speak up if they wish to be heard.

There has to be some objective standard for deciding whether an exchange between the parties constitutes a "hearing" for purposes of the Speedy Trial Act. Perhaps the Court of Appeals will find something in the transcript that it can point to and call a "hearing", but that certainly seems unlikely. At a *bare minimum*, a substantial question exists. For these reasons, and others explained herein, this Court must grant Mr. Detling's Motion for Appeal Bond.

### Argument

Mr. Detling will appeal this Court's denial of his Motion to Dismiss for violation of the Speedy Trial Act. If the Court finds that this appeal presents "a substantial question of law or fact" that, if successful, is "likely to result in reversal or an order for a new trial"

---

5 Strike was mentioned earlier in the hearing in the context of jury selection.

then it must grant Mr. Detling a bond.[6] *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)

If a Court does not hold a hearing on a motion, then that motion stops the speedy-trial clock for at most thirty days. The hearing may be brief but it must include a substantive discussion of the motion in order to justify the exclusion of time. This Court based its denial of the Motion to Dismiss on its emphatic belief that it did in-deed conduct a hearing on Mr. Detling's Motions to Strike Surplussage during the pre-trial conference.

If the Court of Appeals decides that there was no substantive discussion of the Motion, then it must rule that the Speedy Trial Act was violated and order the case against Mr. Detling dismissed. 18.U.S.C. § 3162(a)(2), *Zedner v. U.S.*, 547 U.S. 489, 508 (2006) (harmless-error review is not appropriate in Speedy Trial Claims).

Therefore, the substantial question the Court of Appeals must resolve is whether this Court held a hearing on Mr. Detling's Motion to Strike Surplussage.

I.  **Mr. Detling's Motion to Dismiss and the Court's reasoning for denying the motion.**

Mr. Detling made his motion to dismiss, as required, before jury selection began.[7] *See United States v. Stafford*, 97 F.2d 1368, 1373 (11th Cir. 1983) (Holding that Under the Act, a defendant may if he wishes postpone asserting a Speedy Trial motion to dismiss

---

[6] This Court has already found by clear and convincing evidence that Mr. Detling was not a risk of flight or a danger to the community when it granted him bond after his sentencing.

[7] A district court should liberally construe a pro se litigant's motions. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

until just before trial. 18 U.S.C.A. § 3162(a)(2). Using this procedure, defendants

uncertain as to the validity of their claims under the Act can avoid stopping the clock."

In that motion, he argued the following:

1.  That the ends of justice continuance entered by Judge Walker on March, 21, 2019,

    which attempted to exclude the time from February 6, 2019 until April 6, 2019, did

    not toll the Speedy Trial Act because:

    > "That was an improper exclusions because, well, you cannot - - The Speedy
    > Trial Act does not allow you to exclude time retroactively. And the Court cited
    > absolutely no reason for excluding time going forward. There is no mention of
    > the Speedy Trial Act in the docket entry. There was no findings of fact and
    > conclusions, no evidence that anything was balanced." [Doc 212] 11:19-25

2.  That based on the minute sheets from the pre-trial conference it appeared that the

    Court never conducted a hearing or ruled on the Motion to Strike:

    > "According to the minutes sheet [from the pretrial conference], it does not appear
    > that your honor ruled on that particular motion to strike, nor does it appear that
    > that issue was even addressed." Id. 11:19-21

    > "So to the extent, your honor that the Motion to Strike was not ruled on…and to
    > the extent that either evidence was not presented or argument taken in response to
    > that motion then that particular motion is one that could have been and perhaps
    > was decided without a hearing. And if that is the case then the 109 days of delay
    > from the time that Judge Walker had the motion for her consideration and the time
    > she referred that case to the District Court is not excludable, which brings the
    > Speedy Trial Act Calculation in this Case to well over 100 days which mandates a
    > dismissal" Id. 12:8-20

After hearing this argument the Court advised that:

> "What I'll do is take a look at this issue and the docket since I'm not exactly
> familiar with all the specific dates that you were referring to. But to the extent that
> you were concerned that this issue was not taken up at the pretrial conference, that
> is inaccurate. We did talk about the indictment and I did order the government to

redact the information about you not being a licensed attorney or being disbarred. There was some language in there as it related to that, but, okay. That is on the record."⁸ Id. 13:4-13

But, before recessing the Court did give the Government an opportunity to respond to

Mr. Detling's argument:

The Court:   It is now 9:30. As soon as we have word that the jury is ready upstairs, we will go to the 23rd floor and begin jury selection. So, with that. Yes, Mr. Sistla.

Mr. Sistla:   Nevermind. No, your honor. It's not important.

The Court:   Okay, So with that we are temporarily adjourned. Thank you.

Id. 13:20-21

When the Court returned from its recess the Court denied the Motion to Dismiss

stating:

"During the break I had a chance to look back over the docket. I re-read the Motion to Strike Surplussage in the indictment which was document 29. Mr. Detling's argument was premised on the fact that this motion was not discussed during the pretrial conference. That is incorrect. I looked in detail at this motion, and in fact I have basically ruled in your favor on this motion." Id. 14:1-3.

"But this specific issue was addressed. So the Motion for Dismissal of the Indictment for Speedy Trial, the arguments that were made today, they're not well-founded based upon the fact that this was talked about at the hearing. Id. 14:15-16

The Court then gave the Government another opportunity to speak and address the

motion stating:

Court:          Was there anything else from the Government at this time?
Mr. Kaushal: No, your Honor. Thank you.

---

Before the hearing ended, however, Ms. Wade asked the Court to confirm if it was, at

that time, granting the Motion to Strike Surplussage. The Court stated that:

> "Well to back up, it's not granted at this time. Mr. Detling made an argument that this
> issue had not been discussed or gone over in any detail at the pretrial conference,
> which was inaccurate. We did have a hearing on this issue at the pretrial conference.
> I'm not granting it at this time. It's something that was granted at the pretrial
> conference itself." Id. 14:24-15:5

The Court then gave the Government another opportunity to respond to the motion on the

record:

| | |
|---|---|
| The Court: | Anything else, Mr. Sistla? |
| Mr. Sistla: | Your honor, I think the record's clear you've denied the motion for the speedy trial grounds as well— |
| The Court: | Oh, yes. |
| Mr. Sistla: | Is that correct? |
| The Court: | Yes. |
| Mr. Sistla: | Okay. And that there wasn't more than 70 non-excludable days that had elapsed and so forth. Is that - - Do I understand that? |
| The Court: | Yes, I mean, I denied the motion for speedy trial. And the premise of Mr. Detling's motion was that his whole calculations were based on the idea that this issue was not dealt with at the hearing, which was inaccurate. |
| Mr. Sistla: | Thank you, your honor. |

Id. 15:23-16:5.

## II.  The Pre-trial Conference

## A.  This Court did not hold a "hearing" on the Motion to Strike.

The transcript of the pre-trial conference shows that the only mention of the Motion to Strike came in response to a question from the Court about what matters should be addressed at the hearing wherein the following exchange occurred:

The Court:     Let me ask it differently. How would you like to take this up.

Ms. Wade:     Well as a preliminary matter, we still have this Motion to Strike Surplusage about whether or not the jury should know that, one, Mr. Detling voluntarily gave up his license, and two, that they should know whether or not there are bar proceedings at all. I think its possible for them to know that there was prior testimony under oath for example, or that these other prior incidents - -

The Court:     Well, let me stop you. Let's take up the first one. Let me hear Defense's argument as to why the jury should not hear that there were bar proceedings.

[Doc 168] 45:23-46:9

The Court's request to "take up the first one" was a reference to the Defendant's Motion in Limine to Exclude Bar Proceedings [Doc 105], which was the first motion in limine filed in this case.

The transcript speaks for itself but this exchange clearly shows Ms. Wade putting the Court and Government on notice that the Motion to Strike was pending. It further shows the Court explicitly telling Ms. Wade not to argue the Motion to Strike and instead to argue a different motion. At no time during the course of the two-day pre-trial conference did the Court even acknowledged that the Motion was pending or inquire in any way about it, let alone conduct a hearing or issue any order granting, denying, or deferring the motion.

The 11th Circuit has never directly addressed the meaning of the term "hearing," as it is used in the Speedy Trial Act and to that extent the question is novel in this Circuit. However, the Fifth Circuit has stated that "a hearing occurs whenever the district judge discusses the merits of a motion with counsel." *United States v. Grosz*, 76 F.3d 1318, 1324-25 (5th Cir . 1996). The discussion does not need to be exhaustive, but it should be substantive. According to the First Circuit it is enough if the Court hears "arguments put forward by the [defendant's] counsel in open court, on the record; questioned him; . . . gave him the opportunity to highlight salient facts; [and] then gave the prosecutor a similar opportunity." *United States v. Staula*, 80 F.3d 596 (1st Cir. 1996).

Based on the definition endorsed by the First Circuit and Fifth Circuits there was no "hearing" on the Motion to Strike during the pre-trial conference.

To resolve the motion to Strike the Court was required to decide whether the language the Motion wanted stricken was irrelevant, inflammatory, and prejudicial. *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (The standard is exacting and a motion to strike surplusage should be denied "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." However, a search of the transcript shows that the Court never said the words or phrases "Motion to Strike", "Inflammatory", "Surplussage", "Document 29" "Rule 7", "Rule 7(d)", "Remove", "Delete", or even the words "Struck" or Strike.9"

---

9 The Court did use the word strike in the context of jury selection.

11

The fact that the Court did not issue a formal order on the motion and that the clerk did not make any reference to the Motion in the minutes is also compelling evidence implying that the Court did not even intend to resolve this motion at the hearing. It is clear that there was no "hearing" on the Motion to Strike.

### III. The Speedy Trial Calculation

Mr. Detling made his first appearance on August 10, 2018 and his trial began 1,168 days later on October 21, 2021. If Mr. Detling can point to seventy or more excludable days then the Act will have been violated.

The Speedy trial clock began running the day after Mr. Detling's first appearance and continued running until August 22, 2018 when he filed a motion to continue. Those eleven days are excludable.

The Speedy trial clock was tolled for various reasons until January 11, 2019 when Magistrate Court took five pre-trial motions "under advisement." The clock then remained tolled for no more than thirty days while the Court considered the motions. 18 U.S.C. § 3161(h)(1)(H).

However, if the Court held a hearing on any of the motions then all of the time between the filing of a motion and the hearing on that motion would have been retroactively excludable. See *U.S. v. Beard*, 41 F.3d 1486, 1488 (11th Cir. 1995).

12

## A. The Motion to Strike only tolled the Speedy-Trial Clock for 30 days

The Magistrate finally disposed of four of the motions on April 30th, 2019 without conducting a hearing on any of them. That left the Motion to Strike as the only remaining motion which could possibly excuse the Magistrate's 79 day delay. That motion was "deferred" to the District Court by docket entry order and the District Court then "deferred" it to the pre-trial conference. [Doc 52].

However, as we now know, the District Court did not hold a hearing on the motion to strike so the Speedy trial clock began running again on February 10, 2019, thirty days after the pretrial motions came under advisement.

## B. The March 21, 2019 Order to Continue did not toll the Speedy-trial clock.[10]

By March 21st, fifty non-excludable days had passed when the following entry appeared in the docket:

> Docket Text: ORDER TO CONTINUE - Ends of Justice as to Chalmer Detling, II; Defendant informed the Court on March 4, 2018, that he would not be filing any additional motions in this case and that it is ready for a ruling on the motions that he previously filed. Time excluded from 02/06/2019 until 04/06/2019. APPROVED by Magistrate Judge Linda T. Walker on 03/21/2019. (slc)

In short, this sua sponte order did not toll the speedy-trial clock. The Court may exclude time, at its limited discretion, if it finds that the "ends-of-justice" require a continuance so long as "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such

---

[10] At the hearing on Mr. Detling's motion to dismiss, neither the Court or the government offered a defense of this continuance.

continuance outweigh the best interests of the public and the defendant in a speedy trial."
18 U.S.C. § 3161(h)(7)(B). *Bloate v. United States*, 559 U.S. 196, 203–15 (2010).

Simply parroting the "ends-of-justice" language, as the Court did here, without showing that the court considered the proper factors at the time the continuance was granted will not exclude time under the Act. The Court must make explicit findings <u>on the record</u> explaining why granting the continuance will strike a proper balance between the "ends of justice" and the best interest of the public and the defendant in a speedy trial. *Id.* Here the Court makes no reference to the Speedy Trial Act, makes no explicit factual findings and no hint that the Court attempted the balance the need for a continuance with the interests of the public.

Furthermore, "ends-of-justice" continuances can never be retroactive. *United States v. Suarez-Perez*, 484 F.3d 537, 542 (8th Cir. 2007) (stating that the "Speedy Trial Act does not provide for retroactive continuances").

Since this continuance was improper, the Speedy Trial Clock continued running unabated until seventieth non-excludable day was reached on Wednesday, April, 10, 2019. The Act was violated the next day.

## IV. Mr. Detling's Motion to Dismiss was timely and proper.

**A.     Mr. Detling properly raised his objection by bringing it prior to trial and making out a prima facia case that the statute had been violated.**

A motion to dismiss based on Speedy Trial Act infractions must be filed prior to trial, or the statutory right is waived. 18 U.S.C. § 3162(a)(2). And a motion to dismiss, like this

14

one, filed pursuant to Fed.R.Crim.P. 12(b) "may be written or oral at the discretion of the judge." Here, Mr. Detling raised his motion prior to trial and the District Court clearly accepted that motion as sufficient. *See United States v. DeLongchamps*, 679 F.2d 217, 219 (11th Cir. 1982) (finding oral speedy trial objection sufficient when the district court clearly accepted the motion and ruled on it).

When a Defendant makes a speedy-trial objection he has the burden of putting forth a prima facia case which is simply a matter of producing a calendar and showing that more than the allowed amount of time has passed, 18 U.S.C. § 3162(a)(1), *United States v. Sherer* , 770 F.3d 407, 411 (6th Cir. 2014).. Mr. Detling met this burden by describing the various events that had happened in this case in the "three years" between the time he was indicted and the pre-trial conference. [Doc 212] 11:17-18. And, though not necessarily required to in the 11th Circuit, Mr. Detling went on to challenge two specific periods of time and state his reasons why those periods should be excluded.

**B.      Once Mr. Detling made a prima facie case the Government had the burden of proving sufficient excludable time, or at the least, challenging the Defendant's argument.**

As with any motion, once the defendant makes out a prima facie case, the Government must put up some argument in opposition. *See U.S. v. Jenkins,* 92 F.3d 430, 438 (6th Cir. 1996) (the government has the burden of proving excludable time by a preponderance of the evidence.) Here, Mr. Detling challenged two specific periods of potentially excludable time: The period of time related to the ends of justice continuance and the period of time related to the Motion to Strike. The Government had the

15

opportunity to comment or offer argument to rebut Mr. Detling's objections but did not. It is likely the Government has abandoned, waived, or forfeited any argument related to the two periods of time that Mr. Detling challenged. *United States v. Todd*, 108 F.3d 1329, 1333 (11th Cir. 1997) (Government is precluded from raising an issue for the first time on appeal.)

**C.       The Court of Appeals will make a de novo review since the Court did did not make any calculation on the record of the number of excludable days.**

Once the Mr. Detling made out a prima facia case two things were supposed to happen. First, the Government, was required to then point to any excludable time which brought the delay to under 70 days. This did not happen.

Then the Court was required to calculate the number of excludable days before ruling on the motion, which it did not do. *See Zedner v. U.S.*, 547 U.S. 489, 507 2006 (In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days. This, in turn, requires identifying the excluded days.) Regardless, a district court's conclusions of law and calculations of time under the Speedy Trial Act are reviewed *de novo*. See *United States v. Drummond*, 240 F.3d 1333, 1334 (11th Cir. 2001).

**CONCLUSION**

This motion clearly meets the standard for granting bond pending appeal under the *Giancola* standard. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). Mr. Detling is not a flight risk, as this Court has determined time and time again. And he is

not bringing this appeal solely for purposed of delay as he is seeking a dismissal of the case against him and is appealing an issue that he vigorously argued at trial.

This appeal clearly raises a substantial issue. The Court believes that it held a hearing on the Motion to Strike at the pre-trial conference and that the motion tolled the Speedy Trial Act until Mr. Detling's trial. Mr. Detling believes that there was no hearing and bases this on the fact that the Court makes no mention of the Motion to Strike at the pre-trial conference. This is certainly not a frivolous argument and is surely one that could "go the other way" on appeal.

There does not seem to be any dispute as the the validity of the March 21, 2019 continuance order. It is on its face clearly insufficient and did not toll the speedy trial clock. Neither the Government or the Court offered any argument in support of that order being a valid exclusion.

If the Court agrees with Mr. Detling on appeal and excludes these two periods from the speedy-trial calculation then it must order the case against him dismissed. This satisfies the fourth prong of the *Giancola* test.

For these reasons the Defendant requests that this Court:

1.  Stay Mr. Detling's self-surrender date (currently set for May 11th at noon) until such time as this Court can rule on this motion;

2.  Grant this Motion for Appeal Bond;

This 10th day of May, 2022.

17

Chalmer E. Detling II
Defendant, *pro se*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served a copy of <u>EMERGENCY MOTION FOR</u>

<u>RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED *PRO SE with*</u>

<u>*attached Exhibit A*</u> upon the following via email and by depositing in the United States

mail a copy of the same in a properly addressed envelope with adequate postage attached

and addressed to:

**Alex Sistla**
**Samir Kaushal**
Assistant United States Attorney

Office of the United States Attorney
75 Ted Turner Drive, SW
Suite #600
Atlanta, GA 30303

This 10th Day of May, 2022.

Chalmer E. Detling II
Defendant, *Pro Se*

19