IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHALMER DETLING, II,                    :
                                        :
                                        :          CIVIL ACTION NO.
                                        :          1:24-CV-3763-LMM
         Movant,                        :
                                        :
v.                                      :
                                        :          CRIMINAL ACTION NO.
                                        :          1:18-CR-309-1-LMM
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                                        :
                                        :
         Respondent.                    :

### **ORDER**

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 248], in which Magistrate Judge Linda T. Walker recommends that Movant Chalmer Detling, II's 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, [Doc. 241], be denied.  Movant has filed his objections to the R&R.  [Doc. 250].

### **I. Background and Legal Standard**

In 2022, Movant was convicted of four counts of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343, and five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and he was sentenced to 70 months of imprisonment, subsequently reduced to 61 months. [Docs. 183, 239]. On direct

appeal, the Eleventh Circuit affirmed Movant's convictions. United States v. Detling, No. 22-10630, 2023 WL 6060576 (11th Cir. Sept. 18, 2023), cert. denied, 144 S. Ct. 830 (2024).

In the instant § 2255 motion, [Doc. 241], Movant raised the following claims:

> (1) The district court lacked jurisdiction to consider the wire fraud and aggravated identity theft charges because the Government failed to prove the charged wires were interstate; and

> (2) Counsel was ineffective for failing to challenge whether the wires necessary to establish jurisdiction under the wire fraud statute were actually interstate wires, and for failing to challenge the aggravated identity theft charges in light of the fact that the Government never proved jurisdiction on the underlying wire fraud charges.

Id. at 4–5.

In the R&R, Judge Walker found no merit to either claim raised by Movant. As to first, she determined that even though Movant couched his claim as a jurisdictional challenge, it was merely a sufficiency of the evidence claim, which is procedurally defaulted because it was not raised on direct appeal. Id. at 4. As to the second claim, Judge Walker determined that Movant failed to demonstrate his trial counsel performed deficiently in relation to challenging the interstate nature of the wires at issue in the trial under the standard adopted in Strickland v. Washington, 466 U.S. 668 (1984).

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court

2

reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II. Discussion

Movant begins his objections by adding a new claim: ineffective assistance of appellate counsel in failing to bring a claim of ineffective assistance of trial counsel regarding the lack of challenge the interstate nature of the wires introduced in evidence at trial. [Doc. 250 at 2]. When a *pro se* prisoner raises a viable new claim in his objections to a Magistrate Judge's report, the district court must allow the prisoner to amend his pleading to incorporate the new claim. Boxer X v. Harris, 437 F.3d 1107, 1112 n.4 (11th Cir. 2006) abrogated on other grounds in part by Wilkins v. Gaddy, 559 U.S. 34 (2010), (citing Scott v. Clark, 761 F.2d 1524, 1527 (11th Cir. 1985)). Here, however, Movant's new claim is not viable. First, the claim is untimely under the 28 U.S.C. § 2255(f) because it was raised more than one year after Petitioner's conviction became final. Second, as explained below, trial counsel did not perform deficiently; therefore, there was no grounds for appellate counsel to raise ineffective assistance of trial counsel on direct appeal.

3

Next, Movant reargues the merits of his sufficiency of the evidence claim related to the interstate nature of the wires that were in evidence at his trial. [Doc. 250 at 3-5]. He contends that Judge Walker erred in finding the claim to be procedurally defaulted because it is jurisdictional in nature. Id. at 12-13. As the R&R explained, however, there is a distinction between challenging this Court's subject-matter jurisdiction (a claim that can be raised in a 2255 motion) and the jurisdictional element of the wire fraud statute (a sufficiency-of-the-evidence claim that must be raised on direct appeal). [Doc. 248 at 3–4]. The Eleventh Circuit has rejected the theory "that a failure of allegation or proof on an interstate-commerce element deprives the district court of jurisdiction." Alikhani v. United States, 200 F.3d 732, 735 (11th Cir. 2000). Accordingly, Judge Walker was correct in determining that Petitioner's claim arguing a lack of evidence regarding the instate nature of that formed the basis of his conviction must have been raised on direct appeal and  is, therefore,  procedurally defaulted.

In his objections, Movant attempts to overcome the procedural default by arguing cause and prejudice. See Hill v. United States, 569 F. App'x, 646, 648 (11th Cir. 2014) (a movant can avoid a procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.). He contends that his appellate counsel was ineffective for failing to raise the sufficiency of the evidence claim related to the interstate nature of the wires and that "[i]f appellate counsel had raised the claim, the Eleventh Circuit would have been required to reverse and direct entry of a

4

judgment of acquittal." Doc. 250 at 12. However, the Eleventh Circuit evaluated the sufficiency of the evidence *de novo*. Detling, No. 22-10630, 2023 WL 6060576, at *2. In doing so, the appellate court recognized that "[t]o convict Mr. Detling of wire fraud, the government needed to prove beyond a reasonable doubt that he intentionally participated in a scheme to defraud and that he used the interstate wires in furtherance of the scheme. To convict him of aggravated identity theft, the government needed to prove that he (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person or a false identification document (4) during and in relation to the wire fraud offense." Id. at *2 n.3 (citations omitted). The Eleventh Circuit concluded that "the evidence supporting Mr. Detling's convictions was close to overwhelming." Id. at *2. Thus, Movant's assertion that the Eleventh Circuit would have reversed his conviction had appellate counsel raised the claim regarding the interstate nature of the wires is directly contrary to that court's evaluation of the evidence. Therefore, it does not demonstrate prejudice sufficient to overcome the procedural bar. See Ward v. Hall, 592 F.3d 1144, 1178 (11th Cir. 2010) ("Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to [the movant's] actual and substantial disadvantage[.]")

Finally, Movant objects to Judge Walker's conclusion that he failed to demonstrate deficient performance by trial counsel because his attorney raised the precise challenge that Movant argues should have been raised—the lack of

evidence of the interstate nature of the wires. [Doc. 250 at 6–11]. Movant acknowledges that his attorney moved for a judgment of acquittal and did raise the jurisdictional element of the wire fraud statute, but he contends that counsel's "efforts were cursory and misdirected." Id. at 5. He goes on to offer suggestions of how counsel could have highlighted the challenge to the sufficiency of the evidence more effectively. Id. at 6–9.

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687–88. "[T]he Strickland test 'has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted at trial.'" *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Movant's after-the-fact suggestions of how his attorney could have enhanced the argument he made regarding the interstate nature of the wires is not enough to overcome the "strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of

reasonable professional judgment." <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000)

## III. Conclusion

For the foregoing reasons, the Court concludes that Judge Walker is correct.  Accordingly, the R&R, [Doc. 248], is **ADOPTED** as the order of the Court and the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 241], is **DENIED**.

The Court further agrees Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).  The Clerk is **DIRECTED** to close Civil Action Number 1:24-CV-3763-LMM.

**IT IS SO ORDERED** this 4th day of August, 2026.

_____
**Leigh Martin May**
**United States District Judge**

7